**Barbara WHALEN, Plaintiff–Appellant,**

v.

**UNITED AIR LINES, INC., a Delaware corporation, Defendant–Appellee.**

**No. 91CA1976.**

Colorado Court of Appeals,
Div. C.

March 11, 1993.

John Mosby, Denver, for plaintiff-appellant.

Rothgerber, Appel, Powers & Johnson, Laura A. Wing, Samuel M. Ventola, Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiff, Barbara Whalen, appeals from the summary judgment dismissing her wrongful discharge claims against defendant, United Air Lines, Inc. She contends that the trial court erred in ruling that her contract and promissory estoppel claims were barred by the doctrine of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) and that, in the alternative, United was entitled to judgment on the merits of the claims. Because we conclude that the claims asserted by plaintiff were precluded by a prior judgment of the United States District Court for the District of Colorado, we affirm without reaching the other issues presented.

United discharged Whalen from her job as a customer service representative. Shortly thereafter, she filed a complaint in the United States District Court.

This complaint alleged that United's discharge of Whalen was based upon improper race and gender considerations, that United did not follow the procedures for employee discipline which were set forth in its employee handbook, and that, while United had employed a system of progressive discipline in other instances, such system was not used by United in the case of Whalen's discharge. These allegations formed the factual predicates for Whalen's assertion of three claims: a federal claim based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., and two state law claims (contract breach and promissory estoppel) under *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987). Although Whalen specifically alleged that United was a Delaware corporation and that she resided in Colorado, she did not seek to invoke the federal court's diversity jurisdiction for her state claims. *See* 28 U.S.C. § 1332 (1988). Rather, she sought only to have that court assert its discretionary pendent jurisdiction over those claims.

However, shortly after a conference with the parties, the federal court issued an order directing Whalen to show cause why that court should assert its pendent jurisdiction. That order noted that the court's discretion would be exercised upon the subject, in the event that Whalen responded to the show cause order, in light of the relevant considerations outlined in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Whalen did not respond to this show cause order. Hence, the federal court dismissed the two state claims based solely upon such default; it did not consider the criteria of *Gibbs* nor exercise its discretion under those criteria.

Thereafter, there was a bench trial of Whalen's Title VII claim. At the end of the presentation of the evidence, the trial court announced detailed findings of fact and conclusions of law. Among its determinations was that United's handbook and written policies, of which Whalen was aware, prohibited the falsification of company records and misrepresentation of an employee's performance and those policies authorized an employee's immediate discharge for the violation of those prohibitions without resort to the system of progressive discipline. It also found that Whalen was discharged for falsifying a number of her time and pay records and that she did not deny such actions, but she attributed them to the stress that she was

undergoing as a result of domestic difficulties that had led to judicial proceedings.

Based upon these findings, the court concluded that United did not violate its employment policies in discharging defendant and that such discharge did not constitute an act of unlawful discrimination under Title VII. Hence, it entered its judgment dismissing Whalen's federal claim with prejudice.

In the meantime, Whalen had instituted the instant action in the Denver District Court in which she again asserted her *Keenan*-type state claims. After the entry of the judgment in the federal court, however, United moved for the summary dismissal of those claims, arguing that the federal court judgment precluded the assertion of any state claims that were also based upon Whalen's discharge. The trial court, relying upon the opinion in *Shaoul v. Goodyear Tire & Rubber, Inc.*, 815 P.2d 953 (Colo.App.1990), concluded that plaintiff's state law claims were barred because she had failed to request the federal court to exercise its diversity jurisdiction over those claims.

Before us, plaintiff argues that the trial court's conclusion was flawed because the undisputed facts before that court did not establish that plaintiff's damages exceeded the sum of $50,000 as required under the diversity statute, 28 U.S.C. § 1332 (1988). However, we need not resolve this issue because we conclude that plaintiff failed to establish that the federal court would have refused to exercise its pendent jurisdiction had she responded to its show cause order. Hence, although based on slightly different grounds, our ultimate conclusion that plaintiff's claims are barred by the doctrine of *res judicata* is consistent with the conclusion reached by the trial court.

■ *Res judicata* bars relitigation of claims arising from the same transaction that was the subject of prior litigation if those claims could have properly been considered and determined in that previous litigation. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973). *See Denver v. Block 173 Associates*, 814 P.2d 824 (Colo. 1991).

■ In *Shaoul v. Goodyear Tire & Rubber, Inc., supra*, it was held that, if both state claims and federal claims arise from the same transaction, and a plaintiff fails to assert the state claims in the federal court litigation wherein the federal claims are asserted, the federal court's adjudication of the federal claims will preclude the later assertion of the state claims, if it can be demonstrated that the federal court would have asserted its jurisdiction over those claims. And, any doubts concerning whether the federal court would have asserted its discretionary jurisdiction must be resolved in favor of the conclusion that it would have asserted such jurisdiction. Hence, in order to avoid the preclusive effect of the federal judgment upon any state claim arising from the same transaction upon which such judgment was based, the burden is upon the plaintiff to demonstrate that the federal court would not have exercised its pendent jurisdiction over those state claims. *Accord Gregory v. Chehi*, 843 F.2d 111 (3rd Cir.1988) (claim of wrongful discharge); *Langston v. Insurance Co. of North America*, 827 F.2d 1044 (5th Cir.1987) (same).

This placement of the burden to demonstrate that the federal court would not have exercised its discretionary jurisdiction is consistent with the rule described in Restatement (Second) of Judgments § 25 comment e (1982), in which it is said:

> If, however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, *would clearly have declined* to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should not be held to be precluded. (emphasis supplied)

*See also McLearn v. Cowen & Co.*, 48 N.Y.2d 696, 422 N.Y.S.2d 60, 397 N.E.2d 750 (1979) (claim barred).

■ As *Shaoul* notes, the question whether the first court would have declined to exercise its jurisdiction cannot rest upon speculation; a plaintiff must present sufficient information that the conclusion can be

reached that the first court would have declined to adjudicate the claims. The number of ways in which such fact may be demonstrated is limited only by the imagination of counsel. A rather sure way of establishing such fact, however, would be to request the first court to accept jurisdiction and to have that court rule on the matter.

 In addition, a plaintiff may be able to demonstrate that the court would decline to exercise its jurisdiction by referring to previous instances in which that court has consistently declined to exercise its discretionary jurisdiction over similar claims. *See Denver v. Block 173 Associates, supra* (federal court's judgment dismissing federal claim on summary basis not *res judicata* of state claims because that court would not have continued to exercise its pendent jurisdiction over those claims).

Here, however, plaintiff pursued neither of these courses nor any other that demonstrated the federal court's reluctance to adjudicate such claims. While it is true that plaintiff initially included the state claims, which she now seeks to assert before the state court, in her federal court complaint, when that court directed plaintiff to show cause why it should exercise its discretion to invoke its pendent jurisdiction over those claims, she failed to do so. Hence, the federal court's order was based upon plaintiff's default and, thus, the resulting dismissal of plaintiff's claims is not a clear showing that, given the opportunity to exercise its discretion, the federal court would have declined jurisdiction.

Further, plaintiff has not otherwise demonstrated that the federal court would not have exercised its discretionary jurisdiction over her state claims.

Hence, we conclude that, irrespective whether plaintiff was required to call upon the federal court's diversity jurisdiction, she failed to sustain her burden to prove that that court would have declined to exercise its discretionary pendent jurisdiction.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

We reject Whalen's argument that United waived its right to assert the defense of *res judicata* by failing to object to her simultaneous maintenance of state and federal court actions. She did not raise this issue before the trial court and cannot, therefore, press it for the first time on appeal. *See Dove v. Delgado*, 808 P.2d 1270 (Colo.1991).

In light of our resolution of the foregoing issue, we need not address the remaining issues raised by the parties.

The judgment is affirmed.

COYTE and SMITH, JJ., concur.[*]