67 F.3d 296
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert W. STAMM, Plaintiff-Appellant,
v.
UNITED AIRLINES, INC., a Delaware Corporation, Defendant-Appellee.
 No. 95-1059.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1995.
Decided Sept. 25, 1995.
 
 Raymond C. Fay, Michael W. Fleming, BELL, BOYD & LLOYD, Washington, D.C.; Thomas W. Osborne, AMERICAN ASSOCIATION OF RETIRED PERSONS, Washington, D.C., for Appellant.
 Paul M. Lusky, KRUCHKO & FRIES, Baltimore, Maryland, for Appellee.
 Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Robert W. Stamm appeals the district court's order granting Appellee's motion to dismiss Stamm's age discrimination action. Because we find no reversible error, we affirm.
 
 
 2
 Stamm filed suit against United Airlines, Inc. ("United"), pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. Sec. 626(c)(1) (West 1985). Stamm alleged that United discriminated against him because of his age when it denied him employment as a pilot. United moved to dismiss, or in the alternative for summary judgment. Stamm responded, and United replied. The district court granted United's motion and dismissed the action. Stamm timely appealed. We granted United's motion to submit the case on briefs.
 
 
 3
 Stamm applied for employment as a pilot with United in January 1992. Stamm was then fifty-six years old and suffered from a permanent high frequency hearing loss. United informed Stamm that he did not meet its selection criteria for the pilot position.
 
 
 4
 Stamm filed a charge of discrimination with the Colorado Civil Rights Division ("CCRD"), alleging that United's decision not to hire him constituted age and handicap discrimination. The charge was also filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC notified United that, unless the parties requested, the EEOC would take no action regarding Stamm's charge until it received the results of the CCRD action.
 
 
 5
 The CCRD notified Stamm and the EEOC that it had dismissed Stamm's charge. The CCRD also advised Stamm that he had the right to file a civil suit regarding the matter within ninety days of the mailing of the notice of dismissal.
 
 
 6
 Stamm filed a complaint against United in Colorado state court, in which he alleged that United unlawfully discriminated against him on the basis of age and disability in violation of the Colorado Anti-Discrimination Act. The primary factual allegations of Stamm's Colorado complaint were that: (1) at the time he applied for a pilot position with United, he was fifty-six years old and suffered from a permanent high frequency hearing loss; (2) he was fully qualified for the pilot position; (3) he had a written certification from the Federal Aviation Administration ("FAA") that his hearing loss had no adverse impact on his pilot qualifications and that a copy of the FAA waiver was provided to United; (4) on April 27, 1992, United informed him that he was not selected for the position because he did not meet United's selection criteria; and (5) United continued to hire pilots throughout 1992.
 
 
 7
 United moved to dismiss Stamm's complaint pursuant to Rule 12(b)(5) of the Colorado Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The basis for United's motion was that the Airline Deregulation Act of 1978, 49 U.S.C.A. app. Secs. 1301-1557 (West 1993), preempted enforcement of the Colorado Anti-Discrimination Act.* The Colorado district court granted United's motion and dismissed the matter in its entirety with prejudice.
 
 
 8
 Shortly thereafter, the EEOC notified Stamm that it would take no further action on his discrimination charge. The EEOC informed Stamm that it had reviewed the CCRD's handling of the age discrimination charge and determined that the CCRD's resolution of the charge was appropriate. The EEOC advised Stamm that he had a private right to file a civil suit under the Age Discrimination in Employment Act ("ADEA") within ninety days of his receipt of the letter.
 
 
 9
 Stamm did not seek reconsideration of the state court's order, nor did he file an appeal of the court's order. Instead, Stamm filed a complaint against United in the United States District Court for the District of Maryland. Stamm again alleged that United unlawfully discriminated against him on the basis of age, this time basing his complaint on the ADEA. The factual basis for Stamm's federal court complaint was identical to his state court complaint.
 
 
 10
 United moved to dismiss Stamm's federal complaint on the ground that it was barred by the prior judgment of the Colorado state court which had dismissed his prior action with prejudice. The district court granted United's motion to dismiss, finding that Stamm's federal court action under the ADEA was barred by the Colorado judgment dismissing his action for age and handicap discrimination. The district court found that, because the ADEA provides for both federal and state court jurisdiction, Stamm could have presented his federal claim with the state claim. Thus, the court ruled that Stamm's federal lawsuit violated Colorado's rule against "claim-splitting," and dismissed the action under the doctrine of res judicata. Stamm timely appealed.
 
 
 11
 We review de novo the district court's determination that Stamm's complaint was barred on res judicata grounds. Gray v. Farley, 13 F.3d 142, 145 (4th Cir.1993).
 
 
 12
 When a federal court is asked to give res judicata effect to a state court judgment, the federal court must apply the law of the state where the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in the federal action. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); Shoup v. Bell & Howell Co., 872 F.2d 1178, 1179-80 (4th Cir.1989); see 28 U.S.C. Sec. 1738 (1988) (full faith and credit clause). Thus, the district court properly looked to Colorado law to determine what effect the Colorado state court judgment would be given.
 
 
 13
 Colorado law clearly provides that res judicata bars reassertion of matters that could have been advanced in the previous action, even if the claims were not actually asserted. Shaoul v. Goodyear Tire & Rubber, Inc., 815 P.2d 953, 954 (Colo.Ct.App.1990). Thus, a final judgment on the merits operates as a bar to a second action on the same claim as the one litigated in a prior proceeding when there is identity in the cause of action, subject matter, parties, and capacity in the persons for whom or against whom the claim is made. State Eng'r v. Smith Cattle, Inc., 780 P.2d 546, 549 (Colo.1989); City of Westminster v. Church, 445 P.2d 52, 55 (Colo.1968). In addition, res judicata bars reassertion of any matter that could or might have been asserted in the previous action, even if it was not actually asserted. Pomeroy v. Waitkus, 517 P.2d 396, 399 (Colo.1973); Heiselt v. Brown, 184 P.2d 297, 299 (Colo.1947).
 
 
 14
 It is the second aspect of the claim preclusion doctrine which underlies the district court's decision to dismiss Stamm's federal court complaint. The Maryland district court, applying Colorado law on res judicata, found that because the state court had jurisdiction over Stamm's federal claim, Stamm was required to assert both his federal and state law claims in his prior state court action or risk losing his unasserted claim. Thus, " 'a plaintiff who relies upon one transaction to support state and federal claims should bring one action in the court which possesses jurisdiction to adjudicate all claims.' Restatement (Second) of Judgment Sec. 24 cmt. c and Sec. 25 cmt. e (1982)." Shaoul, 815 P.2d at 955.
 
 
 15
 Other courts applying Colorado law have held that res judicata precludes parties from litigating claims that could have been raised in a prior action, even if the claims were never asserted. See Bolling v. Denver, 790 F.2d 67 (10th Cir.1986). In Bolling, the Tenth Circuit ruled that res judicata barred a plaintiff's 42 U.S.C. Secs. 1981 and 1983 (1988) claims for wrongful termination based on sex and race discrimination. Prior to filing her federal action, the plaintiff had filed a state action challenging her termination. During the state court action, however, the plaintiff never raised the sex and race discrimination claims. Nonetheless, the Tenth Circuit stated: "Under controlling [Colorado] authority, Bolling is thus barred from raising claims she could have brought but failed to assert in the state proceedings.... Colorado 'public policy requires the joinder of all of the petitioner's claims in one action.' " Id. at 68 (quoting Powers v. Board of County Comm'rs, 651 P.2d 463, 464 (Colo.Ct.App.1982)).
 
 
 16
 Colorado's requirement that all claims arising from the same transaction be brought in one proceeding is supported by the presumption adopted by Colorado courts that a court will exercise its jurisdiction, even discretionary jurisdiction, over both federal and state claims raised in a single action. Shaoul, 815 P.2d at 955. Even when the claims were not actually litigated, the burden is on the plaintiff to rebut the presumption by presenting sufficient information which demonstrates that the court would have declined to adjudicate such claims. Whalen v. United Air Lines, Inc., 851 P.2d 251, 253-54 (Colo.Ct.App.1993). Moreover, Colorado's prohibition against claim-splitting is invoked even when jurisdiction is uncertain. See Crocog Co. v. Reeves, 992 F.2d 267 (10th Cir.1993) (res judicata bars property owner from pursuing a Sec. 1983 action based on intentional disproportionate tax assessment when he had unsuccessfully pursued state administrative review of the property tax assessment that was affirmed by a state court).
 
 
 17
 In this case, it is clear that the state court had jurisdiction over both of Stamm's clams: it had original jurisdiction over Stamm's state claim and concurrent jurisdiction over his ADEA claim. See 29 U.S.C. Sec. 626(c)(1); Baldwin v. Sears, Roebuck & Co., 667 F.2d 458, 459-60 (5th Cir.1982). Thus, Colorado law required Stamm to bring both claims in one action or risk losing the claim not asserted. Stamm failed to meet his burden to show that the state court would have refused to exercise jurisdiction over his federal claim. Therefore, the Maryland district court's dismissal of Stamm's federal action on the basis of res judicata was proper.
 
 
 18
 Stamm asserts that the state court's dismissal of his complaint on the basis of preemption is jurisdictional, and therefore, without prejudice. That argument, however, should have been raised in a motion to alter or amend the judgment or on direct appeal to the state appellate court, not in an action in the federal district court or on appeal to this Court as a means of collaterally attacking the judgment of the state court. See Retail Clerks Local No. 1564 v. Your Food Stores, Inc., 225 F.2d 659, 662-63 (10th Cir.1955) (federal court of appeals ruled that, for purposes of res judicata, the prior judgment which dismissed the state court action on grounds of federal preemption was on the merits and a final judgment, even though the underlying substantive issues were never reached). In this case, Stamm had the opportunity to correct the alleged error in the court's order dismissing his state court action with prejudice but took no action to do so. He allowed the judgment to become final. Thus, the alleged error in the Colorado judgment should not be considered collaterally in this action. Id.; see also Cemer v. Marathon Oil Co., 583 F.2d 830, 832 n. 1 (6th Cir.1978).
 
 
 19
 Finally, Rule 41(b) of the Colorado Rules of Civil Procedure provides that unless the court specifies otherwise, a dismissal generally operates as an adjudication upon the merits. Jacobs v. Dujmovic, 752 F.Supp. 1516, 1522 (D.Colo.1990), aff'd, 940 F.2d 1392 (10th Cir.1991), cert. denied, 61 U.S.L.W. 3258 (U.S.1992); Wells v. Premier Indus. Corp., 691 P.2d 765 (Colo.Ct.App.1984). In this case, the Colorado court clearly took jurisdiction of Stamm's claims and ruled that they could not be enforced. See Angel v. Bullington, 330 U.S. 183, 190 (1947). Thus, Stamm's contention that the judgment of the state court was not "on the merits" is groundless.
 
 
 20
 Accordingly, we affirm the district court's dismissal of Stamm's federal age discrimination claim on the basis of res judicata.
 
 AFFIRMED
 
 
 *
 The Airline Deregulation Act of 1978 was repealed effective July 5, 1994, by Pub.L. No. 103-272, Sec. 7(b)