Samir DALAL, Plaintiff–Appellant,

v.

ALLIANT TECHSYSTEMS, INC. d/b/a Metrum Information Storage; and Honeywell, Inc., Defendants–Appellees.

No. 95CA0870.

Colorado Court of Appeals, Div. IV.

July 25, 1996.

Rehearing Denied Aug. 22, 1996.

Certiorari Denied March 24, 1997.

---

Otto K. Hilbert, Colorado Springs, for Plaintiff–Appellant.

Gorsuch Kirgis, L.L.C., David B. Seserman, Mary C. Kloepfer, Maury L. Cuje, Denver, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

In this wrongful termination of employment action, plaintiff, Samir Dalal, appeals from the summary judgment entered against him and in favor of defendants, Alliant Techsystems, Inc., d/b/a Metrum Information Storage, and Honeywell, Inc. (collectively Alliant), on his claims of breach of implied

contract and promissory estoppel. The dispositive issue in this appeal is whether these state law claims were properly barred under the doctrine of *res judicata* because Dalal failed in prior litigation to request that the federal court exercise its diversity jurisdiction over those claims. Because we agree with the trial court that the state law claims are barred by the doctrine of *res judicata,* we affirm.

Dalal was employed as a design engineer by Alliant for approximately eight years, until his employment was terminated in September 1990. After exhausting his administrative remedies, Dalal, in May 1992, filed an action against Alliant in the United States District Court for the District of Colorado alleging that he was unlawfully terminated on the basis of racial discrimination, in contravention of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, et seq. (1994) (Title VII). Dalal also alleged that his termination was unlawfully based upon his age, in violation of his rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. (1994) (ADEA). In addition, Dalal requested the court to exercise its pendent, or supplemental, jurisdiction over his state law claims for breach of implied contract and promissory estoppel. However, he did not assert jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332 (1994).

In an opinion issued June 7, 1993, the federal district court granted Alliant's motion for partial summary judgment on the Title VII claim and denied its motion with respect to the ADEA claim. Additionally, the federal district court dismissed Dalal's breach of contract and promissory estoppel claims without prejudice.

In so doing, the federal court declined to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c)(2) (1994), which permits a federal district court, in its discretion, to decline to exercise supplemental jurisdiction over state law claims if "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." This statute was enacted by Congress in 1990 as a codification, in part, of federal courts' pen-

dent jurisdiction as recognized in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See* 28 U.S.C.A. § 1367 (1993) (D. Siegel, *Practice Commentary* ). Because Dalal had not alleged diversity jurisdiction as an additional basis for his claims, the federal district court did not address that issue.

Immediately after the federal court ruled, Dalal refiled his breach of contract and promissory estoppel claims in the state court. That court entered summary judgment against Dalal on April 18, 1995, on the basis of *res judicata,* determining that Dalal could have brought the state claims in federal district court under diversity jurisdiction. This appeal followed.

## I. State Versus Federal Law

As a threshold matter, Dalal asserts that Colorado, rather than federal, law should govern this dispute. However, inasmuch as both federal and state principles of *res judicata,* as pertinent here, are essentially the same, the outcome is not affected by whether we apply federal or state law. *Compare City & County of Denver v. Block 173 Associates,* 814 P.2d 824 (Colo.1991) *with Satsky v. Paramount Communications, Inc.,* 7 F.3d 1464 (10th Cir.1993).

Thus, we analyze Dalal's *res judicata* contentions under both federal and state law.

## II. Application of *Res Judicata*

■ Dalal contends that, because his state law claims were dismissed without prejudice in the federal litigation, he was free to reassert them in state court, and they were not barred by the doctrine of *res judicata.* Under the circumstances presented here, we disagree.

■ *Res judicata,* or claim preclusion, operates as a bar to a second action on the same claim as one litigated in a prior proceeding when there is a final judgment, identity of subject matter, claims for relief, and parties to the action. *Satsky v. Paramount Communications, Inc., supra; City & County of Denver v. Block 173 Associates, supra.*

■ *Res judicata* not only bars issues actually decided, but also any issues that might have been raised in the first proceeding but were not. *Northern Natural Gas v. Grounds,* 931 F.2d 678 (10th Cir.1991); *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973).

■ Under the same claim for relief or same cause of action test, a court must look to the injury for which relief is demanded, not the legal theory on which the person asserting the claim relies. *Petromanagement Corp. v. Acme–Thomas Joint Venture,* 835 F.2d 1329 (10th Cir.1988); *State Engineer v. Smith Cattle, Inc.,* 780 P.2d 546 (Colo. 1989).

Whether Dalal was required to assert his state law claims in federal court under diversity jurisdiction is a question of first impression for our appellate courts.

■ If a plaintiff commences and actually litigates an action in federal court, but omits state law claims that could have been brought under pendent jurisdiction, his or her claim is extinguished upon adjudication and the plaintiff is barred from maintaining a second action on a different theory in state court. *Shaoul v. Goodyear Tire & Rubber, Inc.,* 815 P.2d 953 (Colo.App.1990). The supreme court has, however, recognized that exercise of pendent jurisdiction is a matter of discretion. *See City & County of Denver v. Block 173 Associates, supra.*

■ Once it has been determined that the federal court has pendent jurisdiction over the state claims, a plaintiff may not, however, divide his or her claim based upon speculation that the federal court would decline to exercise such pendent jurisdiction. *See Shaoul v. Goodyear Tire & Rubber, Inc., supra.* Rather, the state claims should be brought in federal court, and in the event the federal court then declines to exercise pendent jurisdiction, the state claims should be dismissed without prejudice and left for resolution in state court. Indeed, any doubts concerning the federal court's exercise of pendent jurisdiction should be resolved in favor of joinder. *Shaoul v. Goodyear Tire & Rubber, Inc., supra.*

If, however, a federal claim is dismissed on a motion for summary judgment, federal courts have consistently held that a sound exercise of discretion requires dismissal of the pendent state claims as well, without prejudice to the plaintiffs' right to litigate them in the proper state forum. *City & County of Denver v. Block 173 Associates, supra.*

Further, in *Whalen v. United Air Lines, Inc.,* 851 P.2d 251 (Colo.App.1993), a division of this court held that after a trial in federal court, to avoid the preclusive effect of a federal judgment upon a state law claim arising from the same transaction, the burden was upon the plaintiff to demonstrate that the federal court would not have exercised pendent jurisdiction over those state claims. To do so, the plaintiff was required to present sufficient information to merit the conclusion that the first court would have declined to adjudicate the claims. This could have been done, the court indicated, for example, by requesting the federal court to accept pendent jurisdiction and to have that court rule on the matter.

Relying on these cases, Dalal contends that he needed only to assert his state law claims under supplemental jurisdiction, but was not required to bring such claims on the basis of diversity jurisdiction. We disagree.

Although *Whalen* held that the burden is upon the plaintiff to demonstrate that, if the federal court had jurisdiction, it would not have exercised it over pendent state claims, its rationale also applies to the circumstances here to require that Dalal demonstrate that the federal court somehow would not have exercised its otherwise proper diversity jurisdiction over his state claims. This conclusion is based not only on the principle behind *res judicata* of avoiding claim splitting, but also upon the *Whalen* court's conclusion that: "A plaintiff must present sufficient information that the conclusion can be reached that the first court would have declined to adjudicate the claims." *Whalen v. United Air Lines, Inc., supra,* 851 P.2d at 253–54. Although this conclusion was reached in the context of the plaintiff there attempting to establish pendent jurisdiction after trial, its rationale

applies equally here to Dalal being required to demonstrate diversity jurisdiction.

Further, two federal court of appeals decisions, which are directly on point, militate against Dalal's position.

In *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361 (7th Cir.), *cert. denied*, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988), a discharged employee sued in federal court for age discrimination, asserting federal question jurisdiction and joining pendent state claims. After the federal district court dismissed his ADEA claim, it declined to exercise pendent jurisdiction over the state claims and dismissed them. Shaver then refiled his state law claims in state court. Shaver realized that diversity jurisdiction existed in federal court, but made no effort to allege it as an alternative jurisdictional basis in order to pursue his state law breach of contract claims in the original federal action.

Shaver's state law action was subsequently removed to federal court. On appeal, the Seventh Circuit held that: "Because Shaver neglected to assert the existence of diversity jurisdiction in his prior action in order to pursue his breach of contract claims, both the strict test of and the policy behind the *res judicata* doctrine bar the present action." *Shaver, supra*, 840 F.2d at 1368.

Relying on *Shaver*, the First Circuit Court of Appeals held that: "When a plaintiff pleads a claim in federal court, he must, to avoid the onus of claim-splitting, bring all related state claims in the same lawsuit so long as any suitable basis for subject matter jurisdiction exists." *Kale v. Combined Insurance Co.*, 924 F.2d 1161, 1165 (1st Cir. 1991).

In *Kale*, as in *Shaver*, a second lawsuit was filed in state court and was removed to federal court. The *Kale* court noted that the outcome would have been the same even if the second lawsuit had not been removed to federal court. We agree that the fact the second lawsuits in *Shaver* and *Kale* were removed to federal court is of no legal significance.

Furthermore, we reject Dalal's contention that, because a dismissal without prejudice is not an adjudication upon the merits and thus does not have *res judicata* effect, *res judicata* should not apply under the circumstances.

Although *res judicata* does not generally apply when the judgment is a dismissal without prejudice, *see Satsky v. Paramount Communications Inc., supra*, here, it is not the dismissal without prejudice that has the *res judicata* effect. Rather, the determinative factor is that Dalal could have alleged diversity jurisdiction in his federal court action but deliberately chose not to do so.

Thus, as in *Shaoul v. Goodyear Tire & Rubber, Inc., supra*, if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction, the plaintiff may refile those claims in state court. *See* 28 U.S.C. § 1367(d) (1994) (period of limitations for supplemental claim is tolled while claim is pending in federal court and for 30 days after it is dismissed unless state law provides for a longer tolling period). However, where a plaintiff has an alternative basis of federal jurisdiction, such as diversity jurisdiction, he or she must assert it in order to avoid the bar of *res judicata*.

Hence, Dalal does not dispute that he could have properly alleged diversity jurisdiction in his federal lawsuit. Thus, he could have asserted his breach of contract and promissory estoppel claims in federal court on the basis of diversity jurisdiction.

Accordingly, we hold that because Dalal neglected to assert diversity jurisdiction in his federal lawsuit in order to pursue his state law breach of contract and promissory estoppel claims, the doctrine of *res judicata* bars the present action.

The judgment of the district court is affirmed.

DAVIDSON and BRIGGS, JJ., concur.