**FIRST INTERSTATE BANK OF DENVER, N.A., Plaintiff–Appellant,**

v.

**CENTRAL BANK & TRUST COMPANY OF DENVER, Defendant–Appellee.**

No. 95CA0822.

Colorado Court of Appeals, Div. IV.

Aug. 22, 1996.

Rehearing Denied Oct. 10, 1996.

Certiorari Denied May 19, 1997.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const. Art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

856

Gersh & Danielson, Miles M. Gersh, James S. Helfrich; Kelly/Haglund/Garnsey & Kahn, L.L.C., Edwin S. Kahn, Denver, for Plaintiff–Appellant.

Ireland, Stapleton, Pryor & Pascoe, Tucker K. Trautman, Van Aaron Hughes, Denver, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this securities action, plaintiff, First Interstate Bank of Denver, N.A., appeals from a judgment of the trial court dismissing its complaint against defendant, The Central Bank & Trust Co., on the grounds that plaintiff's claims were barred by *res judicata* and the statute of repose. We reverse.

In 1989, plaintiff sued defendant in federal court based on an implied private cause of action for aiding and abetting violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b)(1988 & Supp. III 1991). *See First Interstate Bank, N.A. v. Pring,* 969 F.2d 891 (10th Cir.1992). Plaintiff did not join any state law claims in that complaint. The United States Supreme Court ultimately upheld the federal district court's summary judgment dismissal of the claim, holding that a private plaintiff may not maintain an aiding and abetting suit under § 10(b). *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). In anticipation of an appeal to the Tenth Circuit, the parties agreed in writing to toll any statute of limitations, doctrine of laches, or other time bar on plaintiff's state claims until after a final adjudication on the federal claims.

After final determination by the United States Supreme Court, plaintiff brought this action for aiding and abetting fraud under the Colorado Securities Act of 1981, (the Securities Act), §§ 11–51–123 and 11–51–125, C.R.S. (1987 Repl.Vol. 4B), and common law claims of fraud, breach of trust and fiduciary duty, conspiracy, and aiding and abetting fraud. In response to a motion to amend the complaint, defendant moved to dismiss the claims pursuant to C.R.C.P. 12(b)(5) and C.R.C.P. 9(b).

Prior to trial, the court granted defendant's motion to dismiss on the grounds that all of plaintiff's claims were barred by *res judicata.* Further, the trial court found that plaintiff's claim of aiding and abetting fraud under the Securities Act was barred by the Act's statute of repose, § 11–51–125(8), C.R.S. (1987 Repl.Vol. 4B) (currently codified at § 11–51–604(8), C.R.S. (1995 Cum.Supp.)). This appeal followed.

I.

Plaintiff first contends that the trial court erred in dismissing its claims on the basis of *res judicata.* We agree.

█ Two inquiries are applicable to determine whether *res judicata* bars a state action

after a federal action involving the same transaction: whether the federal court had jurisdiction over the state claims and, if so, whether it would nevertheless have exercised its discretion to dismiss the claims. Restatement (Second) of Judgments § 25 comment e (1982); *cf.* 28 U.S.C. § 1367 (1990) (codifying federal law on pendent jurisdiction for suits commenced on or after December 1, 1990).

In its response to defendant's motion to dismiss plaintiff's amended complaint, plaintiff recognized both the jurisdictional and discretionary elements of a *res judicata* analysis. Plaintiff did not, however, address the discretion issue, contending instead that this second question need not be reached because in its view the federal claims were themselves "insubstantial" and, therefore, the federal court had no jurisdiction to assert pendent jurisdiction over the state claims. Defendant, on the contrary, argued to the trial court that plaintiff was required to demonstrate that the federal court would have dismissed the pendent clams.

The trial court rejected plaintiff's argument that the federal court lacked jurisdiction over the state law claims because the federal claims were not insubstantial, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218, 227 (1966) (underlying federal claim must only "have substance sufficient to confer subject matter jurisdiction on the court") and ruled that, because plaintiff had not affirmatively demonstrated that the federal court would not have taken jurisdiction, its claims were barred on the basis of *res judicata.*

### A.

As a threshold matter, defendant asserts that plaintiff's contention is not properly before this court for review. While defendant recognizes that the issue of *res judicata* was raised and decided in the trial court, it argues that because plaintiff did not specifically contend, as it does here, that the federal district court would have declined to exercise its discretion to take jurisdiction over the state claims, its contention is untimely raised. We disagree.

■ Arguments not presented to, considered, or ruled upon by a trial court may not be raised for the first time on appeal. *In re Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992).

■ Because the effect of the doctrine of *res judicata* was the basis of the trial court's decision, we decline to fragment the *res judicata* test into separate issues so that failure to emphasize one part precludes argument on the other on appeal. *See In re Marriage of Wright,* 841 P.2d 358 (Colo.App.1992) (*res judicata* appropriate issue on appeal when argument in trial court gives notice on what basis the party is defending); *cf. Flagstaff Enterprises Construction, Inc. v. Snow,* 908 P.2d 1183 (Colo.App.1995) (statute of limitations first raised in post-trial motion not addressed on appeal since other party unable to address the contention at trial and trial court made no findings).

Consequently, we address plaintiff's contentions on their merits.

### B.

Plaintiff asserts that the trial court erred in dismissing its claims on the grounds that it did not sufficiently demonstrate that the federal district court would have exercised its discretion to dismiss those claims. We agree.

■ "Pendent jurisdiction is a doctrine of discretion." *United Mine Workers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228. Thus, for a subsequent state claim to survive a defense of *res judicata* based on pendent jurisdiction, plaintiff must establish that the federal court "*would clearly have declined* to exercise [pendent jurisdiction] as a matter of discretion." Restatement (Second) of Judgments § 25 comment e (1982) (emphasis added); *Whalen v. United Air Lines Inc.,* 851 P.2d 251 (Colo.App.1993); *cf. Dalal v. Alliant Techsystems, Inc.,* 934 P.2d 830 (Colo.App. 1996) (plaintiff must justify failure to assert diversity jurisdiction to avoid *res judicata* ).

■ The supreme court has recognized, however, that:

When a federal claim is dismissed on a motion for summary judgment, federal courts have consistently held that 'a sound exercise of discretion requires dismissal of the state claims as well without prejudice to [the] plaintiffs' right to litigate them in the proper state forum.' Because the state claims were not truly 'available to the parties' in the federal action, *res judicata* does not apply to bar the state action.

*City & County of Denver v. Block 173 Associates,* 814 P.2d 824, 831 (Colo.1991). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228.

While *Gibbs* did not establish a mandatory rule on dismissals prior to trial, it recognized that the factors to be balanced in an exercise of discretion—judicial economy, convenience, and fairness—usually lead to dismissal of state claims after a pretrial dismissal of federal claims. *See Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (fn.7).

■ In contrast, if a federal court trial has been or will be held regardless of joinder of any state claims, it cannot necessarily be inferred from the disposition of the federal claims that judicial economy, convenience, or fairness to the parties would require dismissal of the state claims. *See Shaoul v. Goodyear Tire & Rubber, Inc.,* 815 P.2d 953, 955 (Colo.App.1990) (when federal claims dismissed after trial to the court, "[a]ny doubts concerning the federal court's exercise of pendent jurisdiction should be resolved in favor of joinder"); *compare Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970) (trial court properly decided pendent state claims after federal claims became moot following a hearing but before a decision was rendered) *with Transok Pipeline Co. v. Darks,* 565 F.2d 1150 (10th Cir.1977) (waste of time to dismiss pendent parties after four years of litigation and two trials) *and Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 472 F.Supp. 402 (D.Colo.1979), *aff'd,* 651 F.2d 687 (10th Cir.1981) (court will not *sua sponte* dismiss state claims when federal claims would be litigated); *cf.* 28 U.S.C. 1367(c)(3) (district court may decline to exercise jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction"). *But see Buchanan v. Dain Bosworth Inc.,* 469 N.W.2d 508 (Minn.App.1991) (without an attempt at joinder of state claims in federal court, trial court can only speculate how federal court would have exercised discretion).

For example, in *Whalen,* a federal district court dismissed state court claims based on the plaintiff's failure to respond to an order to show cause why the federal court should exercise its discretion to retain the claims. The court then proceeded to adjudicate the remaining federal claim in a bench trial. On these facts, a division of this court determined that, because the plaintiff had presented no information to demonstrate that the federal court would have declined to exercise jurisdiction over the remaining state claims, and no inference to this effect could be fairly drawn after a trial on the merits, the plaintiff had not met its burden to establish affirmatively that the federal court would have declined to adjudicate the claims.

Here, on the other hand, the federal court claim was dismissed on defendant's motion for summary judgment in advance of trial, indeed, with no indication in its extensive procedural history that the case even was postured for trial. In such circumstances, "it is clear that the federal court would have declined as a matter of discretion to exercise [its] jurisdiction." Restatement (Second) of Judgments § 25 comment e, illustration 10 (1982).

■ Thus, here, when plaintiff's state claims were not "truly available" in the federal action, *see City & County of Denver v. Block 173 Associates, supra,* the trial court erred in requiring plaintiff to show more than that the federal case was dismissed on summary judgment in advance of trial and, consequently, erred in dismissing plaintiff's claims on the basis of *res judicata.*

## II.

Next, plaintiff contends that, in dismissing its claim under the Securities Act, the trial

court erred in finding that the parties' tolling agreement could not validly waive the time limit imposed by the Securities Act statute of repose. We agree.

Section 11–51–125(8), the statute then applicable, provided that: "No person may sue ... more than three years after the discovery of the facts giving rise to a cause of action ... and in no event more than five years after the purchase or sale [of a security]."

The parties' tolling agreement provided:

As to any statute of limitations, doctrine of laches, or other similar time limit applicable to any claim that [plaintiff] may have against [defendant] relating to the Bonds, [defendant] agrees to toll the running of such time period.... If [plaintiff] subsequently asserts against [defendant] any cause of action relating to the Bonds which was not barred by any applicable statute of limitations, doctrine of laches or other similar time limit [before this agreement was signed, defendant] expressly waives its right to assert such statute of limitations, doctrine of laches or other time bar as a defense to any such action....

### A.

In support of the trial court's ruling, defendant initially asserts that this agreement was not intended to include the statute of repose. As this case is presently postured, we disagree.

■ In reviewing a motion to dismiss, all averments of material fact contained in the complaint are accepted as true, *see Shapiro & Meinhold v. Zartman,* 823 P.2d 120 (Colo. 1992), and allegations in the complaint must be viewed in the light most favorable to the plaintiff. *See Rosenthal v. Dean Witter Reynolds, Inc.,* 883 P.2d 522 (Colo.App.1994), *aff'd,* 908 P.2d 1095 (Colo.1995).

Here, plaintiff alleged in its amended complaint that the agreement was intended to toll any applicable statute of repose. While we do not decide whether the agreement did indeed toll the statute, we must assume for the purposes of this appeal that it was intended to do so. *See ESI Montgomery County, Inc. v. Montenay International*

*Corp.,* 899 F.Supp. 1061 (S.D.N.Y.1995) (factual issue of waiver of statute of repose inappropriate to decide on motion to amend complaint); *see also Grimm Construction Co. v. Denver Board of Water Commissioners,* 835 P.2d 599 (Colo.App.1992) (whether there has been waiver is a factual determination for the trial court).

### B.

However, defendant asserts that, even if it is assumed that the tolling agreement was intended to waive the application of the statute, § 11–51–125(8) nevertheless bars plaintiff's action because even a stipulated express waiver cannot negate a statute of repose. We disagree.

Defendant's assertion to the contrary notwithstanding, while a statute of repose may be considered an "absolute bar" to the initiation of litigation after the specified time period, *see Smith v. Boyett,* 908 P.2d 508 (Colo.1995) (interpreting medical malpractice statute), such a limitation may, nonetheless, be tempered. Indeed, various statutes of repose have been legislatively or equitably tolled and/or the assertion of the statute equitably estopped and expressly waived, as indicated by decisions in a variety of contexts and jurisdictions. *See Rosenthal v. Dean Witter Reynolds, Inc., supra* (class action suit tolls § 11–51–125(8) for putative class members while class certification evaluated); *Southard v. Miles,* 714 P.2d 891 (Colo.1986) (legislative exception tolls statute of repose as well as statute of limitations in malpractice actions); *Alfred v. Esser,* 91 Colo. 466, 15 P.2d 714 (1932) (party can be equitably estopped from asserting a statute of repose); *see also McCool v. Strata Oil Co.,* 972 F.2d 1452 (7th Cir.1992) (statute of repose not implicated because parties agreed to toll any applicable statute of limitations); *Cange v. Stotler & Co.,* 826 F.2d 581 (7th Cir.1987) (equitable estoppel applies to actions under Commodity Exchange Act); *Bomba v. W.L. Belvidere, Inc.,* 579 F.2d 1067 (7th Cir.1978) (equitable estoppel applies to statute of repose in Interstate Land Sales Disclosure Act); *Craven v. Lowndes County Hospital Authority,* 263 Ga. 657, 437 S.E.2d 308 (1993)

(fraud will toll a statute of repose); *Bryant v. Adams,* 116 N.C.App. 448, 448 S.E.2d 832 (1994) (equitable estoppel may defeat statute of repose); *One North McDowell Ass'n of Unit Owners, Inc. v. McDowell Development Co.,* 98 N.C.App. 125, 389 S.E.2d 834 (1990) (statute of repose on equipment warranty claims tolled by express agreement).

Nevertheless, defendant argues, parties cannot, by stipulation or express agreement, waive the Securities Act statute of repose. We disagree.

■ Here, as discussed, we assume for the purpose of defendant's motion to dismiss that the parties intended to waive the statute of repose. Regardless of their intent, however, whether the time limits imposed by § 11–51–125(8) are an absolute bar or are subject to waiver depends on the nature of the statutory right and the intent of the General Assembly.

### 1.

■ In general, both substantive and procedural statutory rights may be waived so long as the waiver is voluntary. *See People v. Bergen,* 883 P.2d 532 (Colo.App.1994). However, it is relevant here that parties cannot waive jurisdictional requirements. *See Minto v. Lambert,* 870 P.2d 572 (Colo. App.1993) (interpreting requirement for good faith negotiation in eminent domain action); *Triebelhorn v. Turzanski,* 149 Colo. 558, 370 P.2d 757 (1962); *cf. Regional Transportation District v. Lopez,* 916 P.2d 1187 (Colo. 1996) (contrasting jurisdictional requirement with waivable statute of limitations).

■ When a statute creates a right unknown at common law, and also establishes a time period within which the right may be asserted, the time limit is a substantive provision which qualifies or conditions the right, as distinguished from a statute of limitations which must be asserted as a defense. *See Lincoln First Bank v. Rupert,* 60 A.D.2d 193, 400 N.Y.S.2d 618 (1977) (interpreting Federal Truth in Lending Act).

■ Here, the statute of repose is such a substantive provision. *See Anixter v. Home–Stake Production Co.,* 939 F.2d 1420 (10th Cir.1991), *vacated on other grounds sub nom.*

*Dennler v. Trippet,* 503 U.S. 978, 112 S.Ct. 1658, 118 L.Ed.2d 382 (1992); *see also People v. Riley,* 708 P.2d 1359 (Colo.1985) (federal securities law is highly persuasive in interpreting the Securities Act); J. Hicks, *Civil Liabilities: Enforcement & Litigation Under the 1933 Act* § 6.10[1] at 6–274 (§ 13 is "substantive, rather than procedural; it establishe[s] an essential ingredient to a private cause of action") (1989); *In re Longhorn Securities Litigation,* 573 F.Supp. 255 (W.D.Okla.1983) (Securities Act of 1933 includes statute of limitation and repose which constitute elements of the claim which must be pleaded in complaint; because statute of limitation is not included in Securities Exchange Act of 1934, it must be asserted as affirmative defense).

However, simply because the provision is a substantive element of a claim does not preclude it from being a jurisdictional requirement as well. Of course, if it were the latter, defendant would be correct that it could not be waived.

■ Whether a particular statute creates a jurisdictional prerequisite or merely a condition precedent or element of the claim is determined primarily by considering the terms of the statute and whether failure to comply with the requirement provides complete immunity from further suit. *Minto v. Lambert, supra.* Applying such analysis, we conclude that the statute of repose here is not a jurisdictional requirement.

■ Initially we note that, although the introductory phrase "in no event" may be read in particular contexts to establish a jurisdictional condition, *see, e.g., Wilson v. Hill,* 782 P.2d 874 (Colo.App.1989) (interpreting requirement that public official schedule hearing "in no event later than sixty days" as jurisdictional requirement), it does not necessarily do so. *See, e.g., Bomba v. Belvidere, supra* (suit permitted past period of repose despite repose statute using "in no event" restrictive language).

To the contrary, statutes of limitations which impose jurisdictional requirements generally include more specific language than those that simply include a limitation

period as an element of the claim. For example, in its lack of specificity, § 11–51–125(8) is comparable to certain prerequisites in the eminent domain statute which are not jurisdictional, and differs from those of the Governmental Immunity Act and probate code which are jurisdictional. *Compare* § 11–51–125(8) *and Minto v. Lambert, supra* (interpreting eminent domain statute, § 38–1–102, C.R.S. (1982 Repl.Vol. 16A): if statutory prerequisites are met "it is lawful for the party authorized to take [the property] to apply to the judge" to condemn the property) *with Trinity Broadcasting v. City of Westminster,* 848 P.2d 916 (Colo.1993) (interpreting governmental immunity statute, § 24–10–109(1), C.R.S. (1995 Cum.Supp.): "Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought . . . and failure of compliance shall forever bar any such action.") *and Wishbone, Inc. v. Eppinger,* 829 P.2d 434 (Colo.App.1991), *cert. denied,* 506 U.S. 869, 113 S.Ct. 198, 121 L.Ed.2d 141 (1992) (interpreting probate code on presentation of claims, § 15–12–803(1), C.R.S. (1995 Cum. Supp.): "All claims . . . are barred against the estate" unless brought under the statutory conditions).

Further, we note, a class action suit tolls § 11–51–125(8) for putative class members while class certification is being evaluated. *See Rosenthal v. Dean Witter Reynolds, Inc., supra.* Thus, by implication, the court has determined that failure to comply with the statute does not provide a defendant with complete immunity from further suit.

Accordingly, we read § 11–51–125(8) as a substantive element of a securities claim which does not restrict the court's subject matter jurisdiction and which, consequently, is susceptible to waiver by stipulation or express agreement.

## 2.

■ Regardless if a statutory provision is non-jurisdictional, however, whether such a limitation should nonetheless be rigidly applied, as defendant asserts, is a question of public policy, *i.e.,* whether the legislative purpose is thwarted if the statute is not applied in particular circumstances. *See Francam*

*Building Corp. v. Fail,* 646 P.2d 345 (Colo. 1982) (contract can only abrogate statutory provisions in absence of provision barring waiver and countervailing public policy); *see also American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (interpreting Clayton Antitrust Act); *Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (interpreting Federal Employee's Liability Act).

■ Legislative intent is, in the first instance, discerned from the terms of a statute. *See Lambdin v. District Court,* 903 P.2d 1126 (Colo.1995). Here, in enacting the Securities Act, the General Assembly could, but did not, either preclude or restrict the parties' ability to waive the statute of repose. *Cf. Lambdin v. District Court, supra* (waiver expressly precluded in Wage Claim Act); *In re Marriage of Rahn,* 914 P.2d 463 (Colo.App.1995) (waiver of surviving spouse rights restricted under ERISA).

Defendant suggests, however, that to allow a stipulated waiver of the Securities Act statute of repose would be contrary to public policy. In support of its argument, defendant relies on federal policy as embodied in decisions refusing to allow equitable tolling or equitable estoppel to defeat federal securities law statutes of repose. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991); *Anixter v. Home–Stake Production Co., supra; see also Short v. Belleville Shoe Manufacturing Co.,* 908 F.2d 1385 (7th Cir.1990), *cert. denied,* 501 U.S. 1250, 111 S.Ct. 2887, 115 L.Ed.2d 1052 (1991). We are not persuaded.

Federal statutes of repose were adopted by Congress because of "fear that lingering liabilities would disrupt normal business and facilitate false claims" and to prevent a long delay in bringing suit from creating problems of proof. *Norris v. Wirtz,* 818 F.2d 1329, 1332 (7th Cir.1987), *cert. denied,* 484 U.S. 943, 108 S.Ct. 329, 98 L.Ed.2d 356 (1987); *Short v. Belleville Shoe Manufacturing Co., supra,* 908 F.2d at 1392 (providing an absolute period of repose deters use of the securities laws to allow recovery based on the

"wisdom of hindsight" and encourages parties promptly to investigate potential fraud).

To the extent that we may assume that the policy concerns underlying the federal statutes of repose are also underlying the Colorado Securities Act, *see People v. Riley, supra*, the enforcement of a stipulated waiver of § 11–51–125(8) here is not inconsistent with these concerns. The policy arguments advanced simply are inapplicable when, as here, parties expressly agree not to assert the statute's time limitations. *See ESI Montgomery County, Inc. v. Montenay International Corp., supra* (express waiver effective in waiving a statute of repose defense under federal securities law). Indeed, although *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, supra*, and *Anixter v. Home–Stake Production Co., supra*, rely in part on these policy arguments to justify precluding equitable tolling and equitable estoppel in the securities context, neither case applies these principles to the issue of an agreed upon waiver.

Specifically, here, there is no contention that the tolling agreement prompted plaintiff to delay investigation or wait for more favorable securities prices in order to bring suit, or that additional problems of proof developed. *See Short v. Belleville Shoe Manufacturing Co., supra*. Indeed, when the tolling agreement was signed in July 1990, the claims were clearly defined and a similar action based on the same transactions had already been filed in federal district court and dismissed on summary judgment. Furthermore, the agreement, which made clear plaintiff's intention to assert additional claims in state court, was for the benefit of both parties, implemented to preclude unnecessary litigation while the federal issues were on appeal.

Thus, here, the public policy arguments that militate against equitable estoppel or equitable tolling do not support a denial of waiver by express agreement.

Because we hold that plaintiff's claims are neither barred by *res judicata* nor the Securities Act statute of repose, we need not address the parties' other contentions.

The judgment is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

HUME and TAUBMAN, JJ., concur.