[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-2201

KEITH D. WASHINGTON,

Plaintiff, Appellant,

v.

STATE STREET BANK & TRUST CO.;
STATE STREET BANK & TRUST CO., AS SPONSOR & FIDUCIARY OF
THE SHORT AND LONG TERM DISABILITY PLAN;
PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendants, Appellees.

---

No. 00-2202

KEITH D. WASHINGTON,

Plaintiff, Appellant,

v.

STATE STREET BANK & TRUST CO.;
MASTERMAN, CULBERT & TULLY LLP; MARY E. O'NEIL, Esq.;
PATRICIA A. GRANGER, Esq.; EDWARD I. MASTERMAN, Esq.;
ANDREW C. CULBERT, Esq.; NEAL C. TULLY, Esq.;
PAUL L. BACCARI, Esq.; JAMES D. MASTERMAN, Esq.;
JEFFREY H. LERER, Esq.; PAUL J. MCNAMARA;
ROBERT D. WILLIAMS, Esq.; LIBERTY MUTUAL INSURANCE COMPANY;
LOIS DEHARO; LATRONICO & WHITESTONE; JEAN M. SHEA, Esq.;
ROBERT M. WEINER, M.D.,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, <u>U.S. District Judge</u>]

Before

Torruella, <u>Circuit Judge</u>,
Bownes, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

<u>Keith D. Washington</u> on briefs pro se.

<u>Mary E. O'Neil</u>, <u>Patricia A. Granger</u>, and <u>Masterman, Culbert & Tully LLP</u> on brief for appellees State Street Bank & Trust Co.; State Street Bank & Trust Co., as Sponsor and Fiduciary of the Short and Long Term Disability Plan in No. 00-2201.

<u>Mary E. O'Neil</u>, <u>Patricia A. Granger</u>, and <u>Masterman, Culbert & Tully LLP</u> on brief for appellees State Street Bank & Trust Co.; Masterman, Culbert & Tully LLP; Mary E. O'Neal, Esq.; Patricia A. Granger, Esq.; Edward I. Masterman, Esq.; Andrew C. Culbert, Esq.; Neal C. Tully, Esq.; Paul L. Baccari, Esq.; James D. Masterman, Esq.; Jeffrey H. Lerer, Esq.; Paul J. McNamara, Esq. and Robert D. Williams, Esq. in No. 00-2202.

<u>Edward P. O'Leary</u> and <u>Fitzhugh & Associates</u> on brief for appellee The Prudential Insurance Company of America.

<u>Marc Lacasse</u> and <u>McCormack & Epstein</u> on brief for appellees Liberty Mutual Insurance Company, Lois Deharo, Latronico & Whitestone, and Jean M. Shea, Esq.

<u>Janet J. Bobit</u>, <u>Lisa M. Maloney</u>, and <u>Hunter & Bobit, P.C.</u> on brief for appellee Robert Weiner, M.D.

July 19, 2001

**Per Curiam**. Following his resignation as an employee of State Street Bank & Trust Company ("SSB"), plaintiff-appellant Keith D. Washington filed three consecutive pro se lawsuits against SSB and other defendants attempting to right various wrongs he believes he suffered both during his employment at SSB and in connection with his termination and subsequent attempt to get benefits. Taken together, Washington's complaints allege discrimination in violation of Title VII of the Civil Rights Act and the Americans With Disabilities Act, breach of fiduciary duty and wrongful denial of benefits, defamation, conspiracy to deprive him of his civil rights, wrongful termination, intentional infliction of emotional distress, interference with contractual relations, obstruction of justice, vicarious liability, gross negligence, retaliation, and breach of contract. The instant pro se appeals stem from the first and third lawsuits. For the following reasons, we affirm.

Appeal No. 00-2201 arises from the first lawsuit and is from the denial of a second motion for relief pursuant to Fed. R. Civ. P. 60(b). The underlying lawsuit alleged, inter alia, discrimination on the basis of race and mental disability. The district court granted summary judgment in favor of SSB on the

ground that these claims are time-barred. In his post-judgment motion, Washington came forward with new factual information about the chain of events leading to his resignation which, he suggests, alters the analysis as to the triggering event for the running of the statute of limitations. The motion is premised on Rule 60(b)(1) (excusable neglect), Rule 60(b)(2) (newly discovered evidence), and Rule 60(b)(3) (fraud).

Our review is limited to the denial of the Rule 60(b) motion, not the underlying judgment, and is solely for abuse of discretion. See Hoult v. Hoult, 57 F.3d 1, 3 (1st Cir. 1995). The district court properly concluded that Washington failed to present grounds for relief under Rule 60(b)(1) (excusable neglect). Putting aside any question as to whether the new information would have made a difference if timely presented, Washington failed to provide sufficient excuse for the delay. There is no suggestion that the information was unknown to him. Rather, Washington makes reference to his lack of litigating experience, the fact that certain documents were not readily available due to his move from the Northeast to Atlanta, and his mental difficulties. However, the move to Atlanta occurred long before the initiation of the lawsuit, and the limitations issue had already been litigated, once before, in proceedings before the Massachusetts Commission Against Discrimination and the

-4-

Equal Employment Opportunity Commission.  Washington's alleged mental difficulties did not otherwise interfere with his ability to provide factual detail.

It is even plainer that Washington failed to present grounds for relief under Rule 60(b)(2) (newly discovered evidence) or Rule 60(b)(3) (fraud).  A motion for relief from judgment based on newly discovered evidence requires proof, <u>inter</u> <u>alia</u>, that the evidence could not by due diligence have been discovered earlier.  <u>Mitchell</u> v. <u>United States</u>, 141 F.3d 8, 18 (1st Cir. 1998).  To prevail on a Rule 60(b)(3) motion a movant must demonstrate that alleged misrepresentations prevented him from fully and fairly presenting his case.  <u>Perez-Perez</u> v. <u>Popular Leasing Rental, Inc.</u>, 993 F.2d 281, 286 (1st Cir. 1993).  Misrepresentations can have this effect only when a party did not have knowledge of the alleged inaccuracies.  <u>Ojeda-Toro</u> v. <u>Rivera-Mendez</u>, 853 F.2d 25, 29 (1st Cir. 1988).  In the instant case, Washington's prior knowledge  defeats his attempt to invoke either (b)(2) or (b)(3).

Appeal No. 00-2202 is from the dismissal of Washington's claims in the third lawsuit on the grounds of res judicata or failure to state a claim upon which relief could be granted. With the exception of Washington's breach of contract claim, we affirm essentially for the reasons stated by the district court

in its memorandum and order dated August 8, 2000. Contrary to Washington's suggestion, a federal court judgment has res judicata effect as soon as it is issued notwithstanding the possibility or even pendency of an appeal. See 18 James Wm. Moore et al., Moore's Federal Practice § 131.30[2][c][ii], at 131-97 to -98 (3d ed. 1999). In any event, our resolution of Appeal No. 00-2201 forecloses any further argument that the judgment in the first suit should not be given preclusive effect.

As for Washington's breach of contract claim in his third complaint, it is, perhaps, a close question as to whether the district court properly dismissed this claim in its entirety under Fed. R. Civ. P. 12(b)(6). We agree that Washington's allegations that SSB failed to provide him an executive severance package "consistent with what other senior executive were afforded" is inadequate pleading of a contract claim. The claim is not bolstered by references to an executive agreement applying in the event of a change in control of the corporation. There was no such change in control. However, arguably Washington's allegations that he was denied compensation "required" by SSB's guidelines, coupled with latter allegations that an employee handbook establishes contractual rights to a certain minimum salary, are sufficient to survive the Rule

12(b)(6) hurdle.[1]

We need not decide the issue since we think that the claim is precluded. This court has adopted a transactional approach to determining whether causes of action are sufficiently related to support a res judicata defense. See Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998). We consider such factors as whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations. Id. In the first lawsuit, Washington alleged that SSB discriminated against him on the basis of race by failing to provide appropriate compensation. The breach of contract claim seeks recovery for the same failure, and the difference is a mere difference in theory of liability. Accordingly, the doctrine of res judicata applies.[2] Cf. Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337 (7th Cir. 1995) (concluding that res judicata barred employee's discrimination suit arising from the same events as prior breach of contract suit).

---

[1]We express no opinion as to whether the employee handbook does, indeed, create any contractual rights.

[2]We note that the judgment in the second suit arguably reserved the breach of contract of claim for later litigation. However, the same cannot be said of the judgment in the first suit, a judgment which was handed down later in time.

<u>Affirmed</u>.