Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1396

DONALD C. HUTCHINS,

Plaintiff-Appellant,

v.

ZOLL MEDICAL CORPORATION,

Defendant-Appellee.


Donald C. Hutchins, of Longmeadow, Massachusetts, pro se.

John C. Englander, Goodwin Procter LLP, of Boston, Massachusetts, for defendant-appellee.  With him on the brief was John T. Bennett.

Appealed from:  United States District Court for the District of Massachusetts

Judge Michael A. Ponsor

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1396

DONALD C. HUTCHINS,

Plaintiff-Appellant,

v.

ZOLL MEDICAL CORPORATION,

Defendant-Appellee.

_____

DECIDED: November 6, 2007

_____

Before MAYER, LOURIE, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Donald C. Hutchins appeals from the final judgment of the United States District Court for the District of Massachusetts dismissing his complaint that alleged claims of patent infringement of U.S. Reissue Patent Re. 34,800 ("the '800 Patent"). Hutchins v. Zoll Medical Corp., No. 06-12021 (D. Mass. Apr. 24, 2007). Because Hutchins fails to identify grounds for reversible error, we affirm.

## BACKGROUND

Hutchins is the owner of two patents that are relevant to this suit, viz., U.S. Patent 5,913,685 ("the '685 patent") and the '800 patent. On June 22, 2004, Hutchins filed a complaint in the United States District Court for the District of Massachusetts

alleging that the AED Plus device manufactured by Zoll Medical Corporation ("Zoll") infringed certain claims of the '685 patent. In the counts relating to patent infringement, Hutchins further alleged in his complaint that he "petitions the Court to apply Claims [1-14] of Hutchins' Patent Number Re. 34,800 to this Complaint" and to substitute those claims for the '685 patent claims in the event "the microprocessors contained in the AED Plus [device are not] defined as computer chips by the Court." App. to Opp'n Br. ("App.") at 66-67. That case ("the '121 litigation") was assigned to Judge Ponsor.

Early in the proceedings, Hutchins submitted a claim construction memorandum that only referenced the '685 patent. Zoll wrote to Hutchins seeking clarification as to whether he still intended to assert the '800 patent. Zoll's letter stated:

> We understand your claim construction memorandum to mean that only the '685 patent is currently being asserted against Zoll. If this understanding is incorrect, please advise us as to when you will be providing a proposed claim construction for the '800 patent.

In response, Hutchins submitted "Plaintiff's Amendment Claim Construction Memorandum For United States Patent No. 5,913,685 To Include U.S. Patent No. Re. 34,800." In that memorandum, Hutchins stated that he "respectfully requests this Court to interpret these Claims of Patent No. 5,913,685 and Patent No. Re. 34,800 in the manner explained in this Memorandum and the Affidavit of Donald C. Hutchins." In opposition to Zoll's summary judgment motion, however, Hutchins argued that he was not asserting the '800 patent, but used "the '800 patent only for reference to show that the AED Plus microprocessor is a Reduced Instruction Set Computer rather than the simple microprocessor taught by the '800 patent." App. at 89. On May 11, 2006, Judge Ponsor granted summary judgment for Zoll on every count of the complaint and entered judgment in favor of Zoll. Hutchins appealed that decision to this court, and that appeal

2007-1396

-2-

is currently pending.

On November 3, 2006, Hutchins filed another complaint in the United States District Court for the District of Massachusetts, alleging that Zoll's AED Plus device infringed the '800 patent. That case was initially assigned to Judge Harrington and Magistrate Judge Dein. On November 13, 2006, the case was reassigned to Judge Gertner. On November 22, 2006, Zoll moved to reassign the case to Judge Ponsor and to dismiss the complaint on grounds of res judicata. Hutchins opposed both motions. On December 29, 2006, Judge Gertner granted the motion to reassign.

On April 24, 2007, the district court granted Zoll's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court concluded that Hutchins' claims of infringement of the '800 patent were barred under the doctrine of res judicata because Hutchins asserted that same claim in the '121 litigation. The court rejected Hutchins' argument that res judicata did not apply because he abandoned his claim on the '800 patent prior to the court's ruling on summary judgment and because that case is pending on appeal. The court concluded that res judicata precludes litigants "from relitigating claims that were raised or <u>could have been raised</u>" in an earlier action. App. at 2 (citing <u>Maher v. GSI Lumonics, Inc.</u>, 433 F.3d 123, 126 (1st Cir. 2005) (emphasis in original)). The court determined that Hutchins could have raised, and actually did raise, a claim of infringement of the '800 patent. In addition, the court concluded that "a federal court judgment has res judicata effect as soon as it is issued notwithstanding the possibility or even pendency of an appeal." App. at 3 (citing <u>Washington v. State St. Bank & Trust Co.</u>, 14 Fed. Appx. 12 (1st Cir. 2001); <u>Taunton Gardens Co. v. Hills</u>, 577 F.2d 877 (1st Cir. 1977)).

2007-1396

Hutchins then filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(a), 60(b)(1), and 60(b)(3).  The court denied that motion on May 16, 2007.  Hutchins timely appealed to this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

On appeal, Hutchins argues that reversal is warranted because the district court violated Local Rule 16.1 of the United States District Court of the District of Massachusetts.  Hutchins further asserts that the district court committed legal error by denying his motion for relief under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(3).  In response, Zoll argues that reversal is not warranted.  According to Zoll, Hutchins lacks standing to bring this appeal because he filed for bankruptcy.  In the alternative, Zoll argues that, even if Hutchins did have standing, the district court properly dismissed his complaint because his claims were barred under the doctrine of res judicata.

We agree with Zoll that Hutchins fails to identify grounds for reversal. "On procedural issues not unique to this court's exclusive jurisdiction, this court applies the procedural law of the regional circuit," which, in this case, is the United States Court of Appeals for the First Circuit.  Genentech, Inc. v. Amgen, Inc., 289 F.3d 761, 768 (Fed. Cir. 2002).  In the First Circuit, the district court's application of its local rules is reviewed for an abuse of discretion.  NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 5 (1st Cir. 2002).

We are not persuaded by Hutchins' assertion that his case should be remanded because the district court violated Local Rules 16.1(A)-(H).  Local Rule 16.1, which is

2007-1396

-4-

entitled "Early Assessment of Cases," sets forth, among other things, rules governing scheduling conferences in civil cases, the obligation of counsel to confer, settlement proposals, and joint statements by the parties. LR 16.1(A)-(D). Hutchins, however, fails to establish that the district court abused its discretion by dismissing his complaint prior to invoking that local rule. Indeed, nothing in Local Rule 16.1 precludes the application of Federal Rule of Civil Procedure 12(b)(6), which allows a defendant to move for dismissal of a complaint because it fails to state a claim upon which relief can be granted. Moreover, most of the sections of Local Rule 16.1 indicate that those rules are discretionary. See LR 16.1 (B), (C), & (D) (indicating that the rules apply "[u]nless otherwise ordered by the judge"). Thus, Hutchins' assertion that his case should be remanded based on a purported violation of Local Rule 16.1 is without merit.[1]

We are further unpersuaded by Hutchins' assertion that reversal is warranted because the district court erroneously denied him relief under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(3). We again apply the law of the regional circuit in reviewing the denial of a Rule 60(b) motion. Marquip, Inc. v. Fosber Am., Inc., 198 F.3d 1363, 1369 (Fed. Cir. 1999) (citing Amstar Corp. v. Envirotech Corp., 823 F.2d 1538, 1550 (Fed. Cir. 1987)). In the First Circuit, a denial of a motion under Rule 60(b) is reviewed for an abuse of discretion with "the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly." U.S. Steel v. M. DeMatteo Constr. Co., 315 F.3d 43, 51 (1st Cir. 2002)

---

[1] Although not entirely clear, Hutchins also appears to argue that he was prejudiced by the four-month period of inactivity in his case docket. That conclusory statement, however, fails to establish reversible error, particularly in light of the wide discretion district courts enjoy in managing their cases. U.S. v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993) ("A district court enjoys wide latitude in managing its docket.").

2007-1396

(quoting <u>Karak v. Bursaw Oil Corp.</u>, 288 F.3d 15, 19 (1st Cir. 2002)). The court will find an abuse of discretion only it is "left with a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached when weighing all the relevant factors." <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 891 (1st Cir. 1997).

Under Rule 60(b)(1), a party is entitled to relief from judgment for "mistake, inadvertence, surprise or excusable neglect." Hutchins argues that he is entitled to relief under Rule 60(b)(1) because Judge Gertner's decision to transfer his case to Judge Ponsor was based on an error. In particular, Hutchins asserts that Judge Gertner wrongly concluded that Hutchins brought a claim of infringement of the '800 patent in the '121 litigation.

We find no error in the court's decision to deny Hutchins' motion on that basis. In Counts III and IV of the complaint filed in the earlier action, Hutchins raised claims for patent infringement alleging that Zoll's AED Plus device infringed certain claims of the '685 patent. Significantly, Hutchins further alleged the following in those counts:

> Should the microprocessors contained in the AED Plus devise [sic] not be defined as computer chips by the Court, <u>Hutchins petitions the Court to apply Claims [1-14] of Hutchins' Patent Number Re. 34,800 to this Complaint and substituted [sic] in this Complaint for those Claims cited in Hutchins' Patent [No.] 5,913,685</u>.

App. at 66-67 (emphasis added). Thus, the record indicates that Hutchins asserted both the '685 and '800 patents against Zoll in the earlier litigation, and the district court did not err in denying Hutchins' motion based on Rule 60(b)(1).

Hutchins also claims that he was entitled to relief under Rule 60(b)(3), which provides for relief of judgment in the event of "fraud . . . , misrepresentation, or other misconduct of an adverse party." To obtain relief from judgment under Rule 60(b)(3),

"the movant must demonstrate misconduct by clear and convincing evidence." <u>U.S. Steel</u>, 315 F.3d at 53. Here, Hutchins alleges that Zoll made false allegations that he asserted the '800 patent in the '121 litigation. Hutchins further appears to argue that he was unduly burdened with discovery requests. According to Hutchins, those tactics were intended to discourage him because he was proceeding as a pro se plaintiff.

We likewise find those arguments unpersuasive. As to Hutchins' first claim, as discussed above, the record belies his assertion that the '800 patent was not asserted in the earlier litigation. With regard to Hutchins' allegation that Zoll engaged in tactics designed to discourage him from prosecuting his claims, that allegation is unsubstantiated, and thus does not amount to clear and convincing evidence of misconduct. As such, we find that the district court did not abuse its discretion in denying his motion for relief under Rule 60(b)(3). Accordingly, because we conclude that Hutchins fails to identify reversible error, we <u>affirm</u>.

2007-1396