STEWART SECURITIES CORPORA-
TION et al., Plaintiffs-Appellants,

v.

GUARANTY TRUST COMPANY,
Defendant-Appellee.

No. 76–2067.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 14, 1978.

Decided April 26, 1979.

Timothy J. Sullivan, Tulsa, Okl. (Schee-line & Leopold, Altoona, Pa., and Prichard, Norman, Reed & Wohlgemuth, Tulsa, Okl., on brief), for plaintiffs-appellants.

John J. Love, Oklahoma City, Okl. (William G. Paul and Harry A. Woods, Jr., of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., and Charles A. Johnson of Phipps, Johnson & Holmes, Ponca City, Okl., on brief), for defendant-appellee.

Before SETH, Chief Judge, and McWIL-LIAMS and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue here concerns the effect of a dismissal under Fed.R.Civ.P. 41(b) based on lack of subject matter jurisdiction. The trial court held that, under the doctrine of *res judicata*, such dismissal barred a second suit in federal district court between the same parties based on the same transaction. Under the circumstances, we agree.

The several plaintiffs in the instant case brought an earlier action in the United States District Court for the Western District of Oklahoma against Guaranty Trust Company, charging a breach of fiduciary duties and seeking to impose a surcharge on the Trust Company. Jurisdiction was based on diversity. On motion of the Trust Company, this first action between the parties was dismissed by the trial court on the ground that since an Oklahoma state court was already exercising jurisdiction over the trust *res*, an action in federal district court charging a breach of fiduciary relationship and seeking to impose a surcharge on the Trust Company was precluded.* In this

---

* Guaranty Trust had previously instituted in an Oklahoma state court an *in rem* proceeding, joining the various bondholders and requesting that court to assume supervisory jurisdiction

connection it was plaintiffs' position that theirs was an *in personam* action against the Trust Company, and the fact that there was a pending action in state court concerning the trust *res* did not preclude their maintenance of an *in personam* action against the Trust Company. This argument was rejected by the trial court, which, as indicated, held that, under the circumstances, the Oklahoma state court had exclusive jurisdiction over the subject matter of the proposed proceeding in federal district court and that the federal district court had no jurisdiction of the subject matter pled in the plaintiffs' complaint. The judgment of dismissal was simply a judgment of dismissal, with no mention as to whether it was "with" or "without" prejudice. No appeal was taken by the plaintiffs from the dismissal of their claims for relief.

Approximately one year after the dismissal of their action against Guaranty Trust Company the plaintiffs filed a motion to vacate the judgment of dismissal on the ground that a recent decision of this Court filed after the dismissal order was exactly contrary to the earlier ruling by the trial court that it lacked subject matter jurisdiction. The case relied on was *Southwestern Bank & Trust Co. of Oklahoma City v. Metcalf State Bank*, 525 F.2d 140 (10th Cir. 1975). In that case we held that the fact that property subject to the trust agreement was involved in a state *in rem* proceeding did not preclude an *in personam* action in federal district court against the trustee for breach of fiduciary duty. The trial court denied this motion to vacate. Plaintiffs filed a timely notice of appeal from the order of court denying the motion to vacate. However, the plaintiffs later dismissed that appeal and then instituted the present proceedings in the Western District of Oklahoma.

The present complaint is identical to the first one and is against the same defendant, the Guaranty Trust Company. In this second proceeding between the same parties, Guaranty Trust Company filed a motion to dismiss on the ground that, under the doctrine of *res judicata*, the second action was barred by the judgment of dismissal entered in the earlier proceeding. The motion to dismiss was heard by a different judge than the judge who dismissed the earlier action, and he granted the motion to dismiss the second proceeding, basing his ruling on the doctrine of *res judicata*. It is from this judgment that the plaintiffs prosecute the present appeal.

Initially we were of the view that Fed.R. Civ.P. 41(b) was the clear answer to our present problem. However, we are now of the view that Rule 41(b), though perhaps the starting point, is not the end of the matter.

Rule 41(b) provides, in essence, that a dismissal for lack of jurisdiction does not operate as an adjudication on the merits. However, such does not answer our precise question, which is whether, where there has been an adjudication on the merits of a jurisdictional issue and a determination that there is no federal jurisdiction, the doctrine of *res judicata* precludes a subsequent relitigation of the same jurisdictional issue between the same parties. The principles of *res judicata* have been held to apply to questions of jurisdiction as well as to other issues. *American Surety Co. v. Baldwin*, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932) and *Hyde Construction Company v. Koehring Company*, 388 F.2d 501 (10th Cir.), *cert. denied*, 391 U.S. 905, 88 S.Ct. 1654, 20 L.Ed.2d 419 (1968).

*Ripperger v. A. C. Allyn & Co.*, 113 F.2d 332 (2nd Cir.), *cert. denied*, 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450 (1940), has present pertinency. There the trial court dismissed an action for lack of jurisdiction on the ground of improper venue. No appeal was taken from that judgment of dismissal. The ground for such dismissal was subse-

---

over the trust estate. Stewart Securities Corporation appeared in that proceeding. The bondholders who did appear in that proceeding eventually received thirty cents on each dollar of their investment. That state proceeding was still pending in the state court at the time each of the plaintiffs' subsequent actions in the federal district court was dismissed.

quently vitiated by a decision of the Supreme Court. Thereafter the plaintiff instituted a second proceeding based on the same transaction against the same defendants who had previously succeeded in obtaining the dismissal of the first proceeding. The trial court dismissed the second proceeding on the ground that the order of dismissal in the former suit between the parties was "*res judicata* on the question of the district court's lack of jurisdiction." 113 F.2d at 333. The Second Circuit affirmed on the same basis. To the same effect, see *Barzin v. Selective Service Local Board No. 14*, 446 F.2d 1382 (3rd Cir. 1971), where it was held that "a prior decision may serve as res judicata even if a contrary judicial decision on the legal issues involved intervenes between the first and second suits." In a somewhat similar setting, the Fifth Circuit in *Clouatre v. Houston Fire & Casualty Company*, 229 F.2d 596 (5th Cir. 1956), commented as follows:

The present action is based upon the same claim for relief and the parties are the same and the Court below correctly held that appellant was estopped by the former judgment to prosecute the present action. The most that can be argued by appellant is that the judgment dismissing the former complaint was wrong as a matter of law, but appellant did not avail herself of her right to have the judgment corrected upon appeal. And it is settled that such a mistake in the rendition of a judgment does not vitiate the judgment and does not obviate the application of the doctrine of *res judicata*.

Plaintiffs rely strongly on *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). In *Costello* the Government instituted a denaturalization proceeding which was dismissed because an affidavit of good cause, which was a statutory prerequisite to the initiation of denaturalization proceedings, was not filed with the complaint. The dismissal order did not specify whether the dismissal was "with" or "without" prejudice. Thereafter, the Government instituted a second denaturalization proceeding which was supported by an affidavit of good cause. The Supreme Court in *Costello* held that the second denaturalization proceeding was not barred by the dismissal of the first denaturalization proceeding. The Supreme Court noted that the earlier dismissal was based on plaintiffs' failure to comply with a "precondition requisite," namely supporting the complaint with an affidavit of good cause, 365 U.S. at 285, 81 S.Ct. 534. The dismissal because of such failure was held not to be an adjudication on the merits under Rule 41(b), and hence not a bar to the subsequent proceeding.

Unlike *Costello*, the earlier dismissal in the instant case was not based on a failure to comply with a "precondition requisite." The earlier dismissal here was based on the trial court's belief that the fact that the trust *res* was involved in a pending *in rem* state court proceeding precluded an action against the Trust Company in federal district court for breach of fiduciary duty and to impose a surcharge. In resisting the motion to dismiss the second proceeding between the parties, the plaintiffs in the instant case argued that, even though the trust *res* might be the subject matter of a state court proceeding, such fact, under our intervening decision in *Southwestern Bank & Trust Co. v. Metcalf State Bank*, 525 F.2d 140 (10th Cir. 1975), did not preclude an *in personam* action in federal district court against the trustee. Under the rationale of *Ripperger, Barzin* and *Clouatre*, our intervening decision in *Southwestern* did not render inapplicable the principles of *res judicata* where there has been an earlier determination of a jurisdictional issue from which no appeal was taken.

We believe our present disposition of the instant case is in line with *Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250 (10th Cir. 1978). There we commented as follows:

Principles of res judicata apply to jurisdiction as well as to other issues. *American Surety Co. v. Baldwin*, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231; *Consolidated Motor Freight Terminal v. Vineyard*, 193 Okl. 388, 143 P.2d 610, 614. In some cases, however, dismissal for want of jurisdiction is no bar to another suit. See

Costello v. United States, 365 U.S. 265, 286, 81 S.Ct. 534, 5 L.Ed.2d 551; *Meshek v. Cordes* [164 Okl. 40, 22 P.2d 921], *supra*, 22 P.2d at 925. Thus, suit may be brought again where a jurisdictional defect has been cured or loses its controlling force. See *Luker v. Nelson*, 341 F.Supp. 111, 115 (N.D.Ill.). Here we are not dealing with such a curable defect and the determination of lack of personal jurisdiction over Volkswagen South in the courts in Oklahoma is a matter as to which the bar of res judicata applies. See *Fitzsimmons v. City of Oklahoma City*, 192 Okl. 248, 135 P.2d 340, 342; *Ripperger v. A. C. Allyn & Co.*, 113 F.2d 332, 333 (2d Cir.).

In the instant case, as in *Eaton*, we are not dealing with a so-called "curable defect." The argument that our opinion in *Southwestern* cured the defect is unavailing. Such "defect" is not of the kind under consideration in *Costello*.

In this Court plaintiffs have attempted to expand upon the "curable defect" argument by stating that the present action is not presently barred since the *in rem* proceeding in the state court is now "stagnant" and "for all practical purposes" terminated, though technically still pending. This argument was not advanced in the trial court and was not the basis for the trial court's ruling. Rather, in the trial court the argument was simply that the doctrine of *res judicata* was inapplicable because of our opinion in *Southwestern*. That particular argument is, as indicated, untenable.

Judgment affirmed.