# United States Court of Appeals

## For the First Circuit

No. 05-1509

JOSEPH MAHER,

Plaintiff, Appellant,

v.

GSI LUMONICS, INC.,

Defendant, Appellee.

_____

CHARLES WINSTON,

Defendant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, Senior U.S. District Judge]

_____

Before

Lynch and Howard, Circuit Judges,
and Restani, Judge.[*]

_____

Martha M. Wishart, with whom McKenzie & Associates, P.C., was on brief, for appellant.
Brian E. Lewis, with whom Doreen M. Zankowski, Douglas F. Seaver, and Hinckley, Allen & Snyder LLP were on brief for appellee.

_____

December 28, 2005

_____

[*]Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

**RESTANI, Judge.** On January 29, 2003, Joseph Maher ("Maher"), invoking federal question jurisdiction, filed suit in federal court against employer-defendant GSI Lumonics, Inc. ("GSI"), alleging age discrimination in his termination from employment. The district court granted summary judgment in favor of GSI on the federal claims and "transferred" the related state-law claims to Massachusetts state court. Because such a transfer is not allowed, the state court dismissed the case.

On August 27, 2004, Maher filed a new complaint in Massachusetts state court, alleging similar employment discrimination claims. GSI removed the suit to federal court and then moved for summary judgment on res judicata grounds. The district court granted the motion, and Maher appeals. We affirm the district court's grant of summary judgment.

## I. PROCEDURAL BACKGROUND

On December 27, 2002, Maher filed a complaint against GSI with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission, claiming that age discrimination motivated his termination from employment. After receiving right-to-sue letters from both agencies, Maher filed a complaint against GSI in district court based upon federal question jurisdiction.[1] Maher v. GSI Lumonics, Inc., No. 03-10187 (D. Mass.

---

[1] In this first action Maher alleged: (1) age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, (2) violation of the Older Workers' Benefit Protection Act

Jan. 29, 2003) [hereinafter Maher I]. He did not plead diversity jurisdiction although it was available – Maher is domiciled in Massachusetts while GSI is a Canadian corporation. At the close of discovery, GSI moved for summary judgment. The district court granted summary judgment in favor of GSI on the federal claims but declined to exercise supplemental jurisdiction over the state-law claims. The district court instead "transferred [the state-law claims] to state court." Maher I, slip op. at 5 (D. Mass. April 9, 2004). The state court then dismissed the case without prejudice because a case that originates in federal court cannot be "transferred" to state court.[2]

On August 27, 2004, Maher filed a new complaint in state court, alleging the two state-law claims he had alleged previously in Maher I. Maher v. GSI Lumonics, Inc., DSCV 2004-0160B (Essex Super. Ct. Aug. 27, 2004) [hereinafter Maher II]. Maher also added one new state-law claim and a new defendant, Charles Winston.[3] GSI removed the action to federal court based upon diversity of

_____

("OWBPA"), 29 U.S.C. § 626 (f), (3) unlawful "retaliation" under OWBPA, (4) age discrimination under the Massachusetts Fair Employment Practices Law, Mass. Gen. Laws ch. 151B, and (5) breach of the covenant of good faith and fair dealing.

[2]28 U.S.C. § 1631 provides for transfer from one federal court to another to cure want of jurisdiction.

[3]Winston is the President and CEO of GSI. He was voluntarily dismissed from the case by Maher on March 24, 2005.

citizenship.[4]  Once in federal court, GSI moved for summary judgment, alleging that res judicata precluded Maher's second suit, and the district court granted GSI's motion.  This appeal followed.

## II.  DISCUSSION

We review de novo the district court's grant of summary judgment based upon res judicata.  AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005).  Here, because the judgment in Maher I was rendered by a federal court exercising federal question jurisdiction, the applicability of res judicata is a matter of federal law.  See AVX Corp., 424 F.3d at 30; Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1164 (1st Cir. 1991) (citing Cemer v. Marathon Oil Co., 583 F.2d 830, 832 (6th Cir. 1978)).

"Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action."  Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)).  Res judicata promotes judicial efficiency and prevents "claim-splitting" by requiring litigants to assert all of their factual allegations and legal theories, including jurisdictional allegations, pertaining to their claim the first time they come to court.  See Kale, 924 F.2d at 1165.  Notably, in Kale, we held that a litigant's second suit

---

[4]The addition of Winston, a resident of California, did not destroy diversity.

-4-

was precluded because he did not pursue all of his state-law claims by asserting diversity jurisdiction in his first suit in federal court when he could have done so.  Id.

## A.    Application of Kale v. Combined Insurance Co. of America

The present case involves essentially the same procedural missteps made in Kale.  In Kale, the plaintiff-appellant Carl Kale filed suit against his former employers in federal court, pleading federal question jurisdiction, but not diversity jurisdiction.  Id. at 1163.  The district court granted summary judgment in favor of the defendant on Kale's federal claims and dismissed without prejudice the related state-law claims.  Id.  Kale did not seek to amend his complaint in district court to allege diversity jurisdiction but instead filed suit in Massachusetts state court, alleging injuries stemming from the same cause of action.  Id. at 1163–64.  The defendant removed the state case to federal court based upon diversity jurisdiction and then moved for summary judgment on res judicata grounds.  Id. at 1164.  The district court granted the motion and we affirmed on appeal.  Id. at 1169.  We held that Kale's second suit was precluded because he could have pursued his state-law claims in his first suit if he had alleged diversity jurisdiction.  Id. at 1166.  We also noted that a "cursory reference" to diversity jurisdiction in a string cite did not adequately raise the issue before the district court.  Id. at 1164 n.1.

In the present case, Maher also could have had his state-law claims heard in his first suit if he had asserted diversity jurisdiction. Like Kale, Maher did not plead diversity jurisdiction in his original complaint, nor did he later attempt to amend his complaint to do so. Maher argues, however, that his case is distinguishable from Kale because diversity jurisdiction is apparent on the face of the complaint through the statement of the parties' domiciles. Like Kale's "cursory reference" to diversity jurisdiction, Maher's reliance on sua sponte action by the district court to assert diversity jurisdiction for him is unavailing. "The burden of proving the existence of . . . diversity jurisdiction . . . lies with the pleader." Kale v. Combined Ins. Co. of Am., 736 F. Supp. 1183, 1184 n.3 (D. Mass. 1990) (citing Thomson v. Gaskill, 315 U.S. 442, 446 (1942)). It is Maher's duty to assert the jurisdictional basis of his claim.[5]

## B.  The Elements of Res Judicata Are Established

Before res judicata will apply, three factors must be present: "(1) a final judgment on the merits in the earlier action;

---

[5]Maher argues that this court should not follow Kale but should follow Epperson v. Entertainment Express, Inc., 242 F.3d 100 (2d Cir. 2001), which held that plaintiffs were not prohibited from "pursuing some of their claims on a narrower jurisdictional basis after their attempt to allege a jurisdictional basis that would resolve all of their claims in one proceeding was rejected." Epperson is not contrary to Kale, as the Second Circuit itself remarked. See id. at 109. The Second Circuit distinguished Kale because unlike the plaintiff in Epperson, Kale did not allege diversity jurisdiction, which would have allowed him to resolve all of his claims in one proceeding. Id.

(2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits." Kale, 924 F.2d at 1165. There is no dispute that elements two and three of res judicata are established. The only remaining issue is whether there was a final judgment on the merits.

A final judgment for res judicata purposes "end[s] the litigation on the merits and [leaves] nothing for the court to do but execute the judgment." AVX Corp., 424 F.3d at 32 (quoting Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st Cir. 1994) (citation omitted)). When deciding whether a ruling by a judge ended the litigation, "we [are] bound to defer to a reasonable interpretation of the judgment's meaning and effect elucidated by the judicial officer who authored it." Witty v. Dukakis, 3 F.3d 517, 520 (1st Cir. 1993).

Here, Maher argues that there was no final judgment because his state-law claims were not dismissed without prejudice but were "transferred" to state court by the district court. The "transfer" of his state-law claims does not, however, negate the fact that there was a summary judgment on his federal claims which provides the "traditional basis for the operation of res judicata." AVX Corp., 424 F.3d at 34 (distinguishing Kale, 924 F.2d at 1165). Moreover, because the district court "transferred" the state-law claims only after declining to exercise supplemental jurisdiction, the district judge likely meant for the "transfer" to operate as a

dismissal.[6]  Thus, the district court rendered a final judgment on the merits.  Accordingly, all three elements of the test are established and res judicata applies in this case.[7]

## C.    Equitable Exceptions to Res Judicata Do Not Apply

Maher also argues that an equitable exception to res judicata should be made in this case.  Although an "occasional exception" can be made if there is an "unusual hardship," this is not such a case.  See Kale, 924 F.2d at 1168 (no "unusual hardship" when plaintiff did not plead diversity jurisdiction although it was available) (citation omitted).  Here, Maher had a full and fair opportunity to assert diversity jurisdiction and litigate all his claims in one proceeding, but he chose not to do so.  It is Maher's own actions that now result in the preclusion of his suit.  Thus,

---

[6]When the district judge later addressed Maher's argument that a transfer differs from a dismissal, he stated that in order to address the argument, he would have to "assum[e] there [was] a distinction between [these] two procedural mechanisms."  Maher II, slip op. at 2 (D. Mass. Feb. 28, 2005).  The fact that the district judge needed to "assume" there was a difference between the two procedures demonstrates that he likely did not see a difference between the effect of the two procedures when he "transferred" the case.

[7]Maher also argues that the state court reserved his right to maintain a second suit when it dismissed his case without prejudice.  The exception applies, however, when "the court in the first action has expressly reserved the plaintiff's right to maintain the second action."  See Kale, 924 F.2d at 1167 (quoting Restatement (Second) of Judgments § 26(1)(b) (1982)) (emphasis added).  Thus, because a federal court rendered the first ruling, we examine the effect of the federal court's ruling.  In federal court, a dismissal of pendent claims on jurisdictional grounds is not considered an express reservation of the right to maintain a second action.  See id.

-8-

an equitable exception to the application of res judicata does not apply.

For the foregoing reasons, we **affirm** the grant of summary judgment in favor of GSI based upon res judicata.