**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1942

AURORA ADAMES, ET AL.,

Plaintiffs, Appellants,

————————————

THE ESTATE OF EXEQUIEL CASTRO RIVERA,

Plaintiff,

v.

FERNANDO FAGUNDO and HECTOR LÓPEZ-GARCIA,

Defendants, Appellees,

————————————

THE PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY,

Defendant and Third-Party Plaintiff, Appellee,

————————————

AMERICAN INTERNATIONAL INSURANCE COMPANY OF
PUERTO RICO, INC. and L.P.C.&D., INC.,

Third-Party Defendants.

————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

[Hon. Jose A. Fuste, U.S. District Judge]

————————————

Before

Torruella, Lynch, and Howard, Circuit Judges.

————————————

Ramón E. Castro, on brief pro se.
Leticia Casalduc-Rabell, Assistant Solicitor General, Maite

Oronoz-Rodríguez, Deputy Solicitor General, Mariana Negrón-Vargas, Deputy Solicitor General, and Salvador J. Antonnetti-Stutts, Solicitor General, on brief for appellees Fernando Fagundo and Héctor López-García.

Raúl Castellanos-Malavé, on brief for co-appellee Puerto Rico Highway and Transportation Authority.

Pamela D. González, on brief for third-party defendant L.P.C.&D. Inc.

_____

September 14, 2006

_____

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we affirm.  We agree that the claims against the Puerto Rico Highway and Transportation Authority (PHRTA) and Fernando Fagundo are barred by principles of res judicata.  "Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005) (internal quotation marks and citations omitted). The appellants admit that they raised two of the instant claims – those having to do with invasions onto their land in September and November 2003 – in the previous federal proceeding.  The remaining claims have to do with the proceedings in the expropriation court, and the appellants argue that they could not have raised those claims in the previous federal cases because they occurred after the filing of those Complaints.  Nevertheless, appellants could have brought those claims in the previous federal litigation by moving to amend their Complaint.  Leave to amend should be "freely given," see Fed. R. Civ. P. 15(a), and Rule 15(c) specifically provides for supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Their claims should have been added to the previous litigation because they are all part of the appellants' overarching due process claim that the PHRTA has had a "callous

-3-

indifference to citizens' civil rights" throughout the process of the highway construction project.  See Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1165 (1st Cir. 1991) (res judicata bars all related claims that could have been brought in previous action) (citing Fed. R. Civ. P. 8(e)(2) (a party may "state as many separate claims or defenses as the party has"); Fed. R. Civ. P. 18(a) (party may join "as many claims [] as the party has against an opposing party)).

Appellants also argue that res judicata does not apply here because the previous federal cases were not dismissed on the merits.  See Maher, 433 F.3d at 126 (res judicata requires previous adjudication on the merits).  But clearly the appellants are wrong in the characterization of the previous dismissal.  The procedural and substantive due process claims were dismissed for failure to state a claim, and that dismissal was affirmed by this court.  Such a dismissal is with prejudice unless the order of dismissal explicitly says otherwise (and here, there is no such explicit statement).  See U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 242 (1st Cir.) (citations omitted), cert. denied, 543 U.S. 820 (2004).  Because the previous dismissal was with prejudice, res judicata precludes relitigation of claims that were or could have been raised in the previous case.

We also agree that the claims against the Honorable Hector López-Garcia are barred by the doctrine of judicial

-4-

immunity. Citing Pulliam v. Allen, 466 U.S. 522 (1984), appellants argue that judicial immunity does not apply to claims for injunctive and declaratory relief under section 1983 (they concede that they did not seek money damages against Judge López). While Pulliam did hold that judicial immunity was not a bar to claims for injunctive or declaratory relief under section 1983, see id. at 541-42, that case was superseded by statute in 1996. "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Pub. L. No. 104-317, 110 Stat. 3847 (codified as amended at 42 U.S.C. § 1983 (1996)). The appellants do not argue that the statutory exceptions set out in this provision should apply. Accordingly, their challenge to the district court's decision on this point fails.

Finally, we note that dismissal of this action was proper for another reason: the claims which directly challenge the result of the state expropriation proceedings are barred by the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine applies where plaintiff explicitly seeks review of a state court judgment and also where review is implicitly sought. See Federación de Maestros v. Junta de Relaciones del Trabajo, 410 F.3d 17, 24 (1st Cir. 2005). The appellants lost in the state proceeding; they complain that they were injured as a result of Judge López's ruling; and judgment entered in the state case in November 2003, long before this case was filed in November 2004. They claim that the state proceeding was manipulated by the PHRTA, that Judge López was biased, that he illegally suppressed evidence, and that he acted without jurisdiction. To the extent appellants are asking the federal court to review Judge López's decisions, their claims are barred by the Rooker-Feldman doctrine.

Affirmed. See 1st Cir. R. 27(c).