The plaintiff, Judith A. Driscoll, filed a complaint to establish a resulting trust in real estate on January 13, 2017, against her parents, Dorothy E. Santella and Andrew A. Santella (collectively, the Santellas). The judge granted the Santellas' motion to dismiss on res judicata grounds. We affirm.
Background. We recite the facts alleged in the complaint and describe the history of prior related litigation to provide context for our discussion of the issues. In 1977, the Santellas purchased a plot of land located at 88 Country Lane, Marlborough (property), and title to the property was in the Santellas' name. In 1996, the Santellas transferred the property via quitclaim deed (deed 1) to themselves and Joseph Driscoll,[3] Judith's husband, so that he could obtain a loan on the property.
On March 28, 2011, the Santellas filed a complaint in the Probate and Family Court (probate action) against Judith and others,[4] alleging that she fraudulently conveyed title to the property to herself and others as trustees of a realty trust (deed 2). The Santellas sought, among other relief, an order that deed 2 was void and that the Santellas and Joseph were the rightful owners of the property. Judith answered the complaint, denying that the Santellas were the rightful owners of the property, and asserting nine counterclaims. None of the counterclaims asserted Judith's resulting trust argument that forms the basis for this action. Following a bench trial in the probate action in 2014, the judge voided deed 2, meaning that, pursuant to deed 1, the Santellas and Joseph were the owners of the property.
In 2010, the Santellas filed a petition to partition the property (partition action). In June of 2015, Judith moved to intervene in the partition action as the rightful owner of the property under the resulting trust doctrine. On October 16, 2015, the judge denied Judith's motion to intervene in the partition action, but said that "[Judith] may file any action she deems appropriate as to the issue of any pretrial resulting [sic ]."
On January 13, 2017, Judith filed in Superior Court the complaint at issue in this appeal, asserting her claim of title to the property under the resulting trust doctrine. The Santellas moved to dismiss the complaint, under the theory of claim preclusion. The judge granted that motion, finding that the probate action barred Judith from bringing this action. On appeal, Judith argues that claim preclusion does not apply, and that even if it did apply, the judge in the partition action expressly reserved her right to bring this complaint notwithstanding the preclusive effect of the probate action.
Discussion. We review de novo a judge's ruling on a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). See Goodwin v. Lee Pub. Sch., 475 Mass. 280, 284 (2016). Claim preclusion bars a party from relitigating claims that were or could have been adjudicated in earlier proceedings. Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 692 (2016). "The invocation of claim preclusion requires three elements: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Id., quoting Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005). If a claimant had a full and fair opportunity to assert claims against a defendant, but failed to do so, she is precluded from asserting those claims in a subsequent action. Day v. Kerkorian, 61 Mass. App. Ct. 804, 811-812 (2004). Judith conceded the identity of the parties at oral argument; therefore, we only review the remaining two elements.
Identity of causes of action exists "provided [the second action] grows out of the same transaction, act, [or] agreement [of the first action], and seeks redress for the same wrong." TLT Constr. Corp. v. A. Anthony Tappe & Assocs., 48 Mass. App. Ct. 1, 8 (1999), quoting Mackintosh v. Chambers, 285 Mass. 594, 596 (1934). While this requires an analysis of the series of transactions, "[w]hat factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically" (quotations omitted). Saint Louis v. Baystate Med. Ctr., Inc., 30 Mass. App. Ct. 393, 399 (1991), quoting Restatement (Second) of Judgments § 24(2) (1982). Judith argues that the claims in the probate action and this action are not identical because they did not arise out of the same transaction. She asserts that the probate action exclusively dealt with whether deed 2 was fraudulent; thus, the series of transactions in the probate action was limited to events that occurred between December 28, 1996, and September 27, 2010. In contrast, Judith argues, this action deals with who initially purchased the property in 1977; thus, the series of transactions was limited to payments made between 1977 and 2001. This is an artificial distinction. The probate action addressed a disagreement about who owns the property. Judith's claim in this action arises from the same series of transactions that were or could have been adjudicated in the probate action. The fact that the parties in the probate action entered into a stipulation agreement limiting the issues for trial does not change the result because Judith had a full and fair opportunity to assert her ownership claim in that prior litigation and, in fact, denied that the Santellas were owners of the property. We conclude that there is an identity of the causes of action or available causes of action between the probate action and this case.
The third and final element is also satisfied, as the judgment in the probate action constitutes a final judgment on the merits. See O'Brien v. Hanover Ins. Co., 427 Mass. 194, 201 (1998) ("a trial court judgment is final and has preclusive effect"). See also Jarosz v. Palmer, 436 Mass. 526, 533-534 (2002), quoting Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 148 (1988) ("A determination is considered final when 'the parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed' "). See generally Mass. R. Civ. P. 54, as amended, 382 Mass. 829 (1981).
Finally, Judith argues that even if the elements of claim preclusion are met, she nevertheless benefits from an exception to the doctrine. "Under a generally accepted exception to the res judicata doctrine, a litigant's claims are not precluded if the court in an earlier action expressly reserves the litigant's right to bring those claims in a later action." Santos, 89 Mass. App. Ct. at 693, quoting Perroncello v. Donahue, 64 Mass. App. Ct. 564, 570 (2005), S.C., 448 Mass. 199 (2007). Judith argues that the judge in the partition action expressly reserved her right to bring her resulting trust theory in a subsequent action. However, this exception relies upon "[t]he court in the first action ... expressly reserv[ing] the plaintiff's right to maintain the second action." Restatement (Second) of Judgments § 26(1)(b) (1982). See Maher v. GSI Lumonics, Inc., 433 F.3d 123, 127 n.7 (1st Cir. 2005). While we do not interpret the judge's statement in the partition action as purporting to reserve the issue, in any event, he could not do so. Because his statement was made in the partition action and not in the probate action, the exception to claim preclusion is not available to Judith in this case.
Judgment affirmed.

Because Joseph and Judith Driscoll share a surname, we will refer to them by their first names to avoid confusion.

Joseph F. Driscoll, Maureen Connor, Lisa Davis, and Christine Meehan.