FILED
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

DARREN MARKLEY,

    Plaintiff - Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION,
d/b/a US Bank,

    Defendant - Appellee.

No. 24-1163

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:23-CV-01422-PAB-SBP)**
_____

Engram Wilkinson, Ogborn Mihm LLP, Denver, Colorado (Madeline Collison, Benezra & Culver, Denver, Colorado, with him on the briefs) for Plaintiff-Appellant.

Marko J. Mrkonich (Carolyn Theis and Kelsey A. VanOverloop with him on the brief), Littler Mendelson, P.C., Denver, Colorado, for Defendant-Appellee.
_____

Before **TYMKOVICH**, **EBEL**, and **EID**, Circuit Judges.
_____

**TYMKOVICH**, Circuit Judge.
_____

Claim preclusion bars the litigation of a claim that could have been raised and resolved in a prior lawsuit. The doctrine serves many important functions, including ensuring judicial efficiency, fairness, and finality. Litigants must bring all claims

stemming from the same set of facts in one lawsuit, or face preclusion and forfeit those claims forever.

In this case, Darren Markley sued his employer, US Bank, in federal court, asserting a federal claim for age discrimination and a state law claim for wrongful termination. The district court resolved the federal claim in the employer's favor but declined to exercise supplemental jurisdiction over the state law claim. That claim was dismissed without prejudice.

Because US Bank was an out-of-state corporation, Markley could have resolved the state law claim in his federal action if he had asserted diversity jurisdiction. But he did not do so. Instead, he took his state law claim to state court, which led US Bank to remove the case back to federal court based on diversity jurisdiction. US Bank then moved to dismiss based on claim preclusion.

The district court granted the motion. According to the district court, Markley could have pursued his state law claim in the prior lawsuit by asserting diversity jurisdiction, and his failure to do so meant he was precluded from bringing the claim in a new case.

We **AFFIRM**. If a party could have litigated a claim in a prior lawsuit by asserting diversity jurisdiction but fails to do so, that claim is precluded if the prior lawsuit arose from the same operative facts and reached a final judgment on the merits.

# I.    Background

In 2019, Darren Markley sued his former employer, US Bank, in federal court after he was fired (*Markley I*).  He asserted a claim under the Age Discrimination in Employment Act and a wrongful termination claim in violation of public policy under Colorado law.  In the civil cover sheet of his complaint, he asserted federal question jurisdiction but indicated that diversity jurisdiction existed, noting he was a "Citizen of This State" (*i.e.*, Colorado), and US Bank was "Incorporated and [had its] Principal Place of Business in Another State."  Supp. App. 28.  Still, he did not assert diversity jurisdiction in the body of his complaint.  Rather, he asserted federal question jurisdiction over the age discrimination claim, and supplemental jurisdiction over the wrongful termination claim.[1]  *Id.* at 19, ¶¶ 6–7.

The district court granted summary judgment for US Bank on the age discrimination claim and declined to exercise supplemental jurisdiction over the wrongful termination claim.  The latter was dismissed without prejudice.  The district court then entered a "Final Judgment."  Supp. App. 63.  The case was "closed."  *Id.*

Markley appealed the federal age discrimination claim to the Tenth Circuit.  Notably, he did not appeal the dismissal of the wrongful termination claim, even though he could have done so.  He also did not ask the district court to reconsider its

---

[1] District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Supplemental jurisdiction is discretionary, and absent a viable federal claim, courts may choose not to resolve pendant state law claims.

dismissal of the state law claim and resolve it under diversity jurisdiction, even though he could have done so. Instead, after the Tenth Circuit affirmed the district court's resolution of the age discrimination claim, s*ee Markley v. U.S. Bank Nat'l Ass'n*, 59 F.4th 1072 (10th Cir. 2023), and issued a mandate, Markley chose to take his remaining state law claim and file a new case in state court—the Denver District Court (*Markley II*).

But Markley's new case did not stay in state court for long. Asserting diversity jurisdiction, US Bank removed the case back to federal court. US Bank then moved to dismiss on several grounds, including claim preclusion. According to US Bank, Markley was precluded from relitigating his wrongful termination claim since it arose from the same transaction as his federal claim, and *Markley I*'s final judgment on the federal claim foreclosed his state law claim from moving forward in a new case.

The district court agreed. Relying largely on a First Circuit case, *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123 (1st Cir. 2005), the court found that claim preclusion barred Markley from asserting his wrongful termination claim because he could have pursued that claim in the first federal suit if he had asserted diversity jurisdiction. He did not do so, and the district court concluded that he may not get a second chance to litigate that claim in a new case. Although the district court in *Markley I* did not address the merits of the wrongful termination claim, the district court held that Markley's failure to assert diversity jurisdiction meant claim preclusion barred the case from moving forward.

4

## II.    Discussion

Markley argues the district court erred by applying claim preclusion, since the dismissal of his state law claim in *Markley I* was not a final judgment on the merits. We disagree. As we explain below, *Markley I* resulted in a final judgment on the merits, and the district court correctly found that claim preclusion applied.

### A.  Legal Framework

The doctrine of claim preclusion, also known as res judicata, "prevent[s] a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). The principle behind claim preclusion is simple: "a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (citation omitted). The doctrine serves many functions, including ensuring "finality, judicial economy, preventing repetitive litigation and forum-shopping, and the interest in bringing litigation to an end." *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (internal quotation marks and citation omitted). Thus, to avoid claim preclusion and violating the related bar on claim-splitting, the plaintiff must "join all claims together that [he] has against the defendant" and "explore all the facts, develop all the theories, and demand all the remedies in the first suit." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278–79 (10th Cir. 2006).

For claim preclusion to apply, the party invoking the doctrine must show that there was: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Wilkes v. Wyoming Dep't of Emp. Div. of Lab. Standards*, 314 F.3d 501, 504 (10th Cir. 2002) (citation and internal brackets omitted). As these elements illustrate, claim preclusion examines whether there was a final judgment as to the *cause of action*, or a given set of "facts [that] are related in time, space, origin, or motivation" giving rise to the lawsuit. *Id.* "This court repeatedly has held that 'all claims arising from the same employment relationship constitute the same transaction . . . for claim preclusion purposes.'" *Id.*

Thus, as far as claim preclusion is concerned, once the court resolves a case on the merits, a plaintiff cannot bring a claim from the same set of facts (*i.e.*, the same cause of action) in a later lawsuit and before the same court—even if that specific claim were never litigated.[2] *See Lenox,* 847 F.3d at 1239. Put simply, claim preclusion prevents the "would've, could've, should've" in litigation. Parties must bring all claims stemming from the same operative facts in one lawsuit, or forever hold their peace. At bottom, you only get one bite at the apple.

---

[2] In this way, claim preclusion is broader than issue preclusion. The latter only "bars the relitigation of specific issues *decided* in a prior proceeding between the same parties." *Drexler v. Kozloff*, 210 F.3d 389, *3 (unpublished table decision) (10th Cir. 2000) (emphasis added). Claim preclusion is not so limited. Claim preclusion bars the litigation of claims that could have been raised in a prior lawsuit but were not. So even if a claim were not specifically litigated, claim preclusion would still bar it from being heard in a later lawsuit.

We review de novo whether claim preclusion applies. *See MACTEC, Inc.*, 427 F.3d at 831.

### B. Application

To begin, neither party disputes that *Markley I* and *Markley II* share identical parties and arise out of the same cause of action. The only issue is whether *Markley I* rendered a "final judgment on the merits." On that point, Markley argues *Markley I* did not issue a "final judgment on the merits" because his state law claim was dismissed without prejudice, and a dismissal without prejudice cannot be the basis for claim preclusion.

Before addressing this claim, we start with some common ground. Neither party disputes that Markley could have pursued his state law claim in *Markley I* but failed to do so. And that is an important point of agreement, since this goes to the core principle behind claim preclusion. After the district court resolved the federal claim on summary judgment and dismissed his state law claim without prejudice, Markley could have done either of two things to pursue his state law claim: (1) appeal the dismissal of the state law claim to the Tenth Circuit, as he did with his federal claim, or (2) notify the district court of diversity jurisdiction on a motion for reconsideration. After all, the record shows Markley knew diversity jurisdiction existed from the outset of *Markley I* based on the civil cover sheet of his complaint. But he did neither of those things. If the core "principle behind claim preclusion is that a party who once . . . had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so," *Lenox*, 847 F.3d at 1239

7

(internal quotation marks and citation omitted), that principle applies here with full force.[3]

In response, Markley claims that he was not required to assert diversity jurisdiction to press his state law claim after it was dismissed without prejudice. But that is beside the point. Of course, no party is *required* to assert diversity jurisdiction simply because it exists. Rather, the relevant question under claim preclusion is whether the plaintiff *could have litigated* the contested claim in a prior lawsuit. *See Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) ("Claim preclusion 'prevent[s] a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment.'") (citation omitted). *That* is why Markley's failure to assert diversity jurisdiction matters. If Markley had asserted diversity jurisdiction, he could have had his state law claim heard. He did not do so. Because he "neglected to assert the existence of diversity jurisdiction in his prior action in order to pursue his [state law] claim[ ], both the strict test of and the policy

---

[3] Markley argues that the blame for failing to assert diversity jurisdiction should not fall on him but rather the district court, since the court was on notice that diversity jurisdiction existed. But Markley cites no authority for the position that district courts have the burden to assert diversity jurisdiction sua sponte when the plaintiff has advanced alternative grounds for jurisdiction. A bedrock rule in litigation is that "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008); *see also Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 126 (1st Cir. 2005) ("The burden of proving the existence of diversity jurisdiction lies with the pleader.") (alterations and citation omitted). Although we sympathize with Markley's predicament, our adversarial system puts the burden on litigants—not the court—to assert the grounds for diversity jurisdiction.

behind the res judicata doctrine bars the present action." *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1368 (7th Cir. 1988).

Both the First and Seventh Circuits, and the Colorado Court of Appeals, have reached the same conclusion based on similar facts. In *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 125 (1st Cir. 2005), the plaintiff asserted both federal and state law claims in federal court. Although diversity jurisdiction existed, he asserted federal question jurisdiction and supplemental jurisdiction over his federal and state law claims, respectively. After the federal court granted summary judgment on the federal claim and dismissed the state law claims without prejudice, the plaintiff took the state law claims to state court, even though he could have asserted diversity jurisdiction to litigate them in the original forum. That choice was fatal. As here, the employer removed the case back to federal court and argued claim preclusion applied. The First Circuit agreed, holding that claim preclusion applied because the plaintiff "could have had his state-law claims heard in his first suit [in federal court] if he had asserted diversity jurisdiction." *Id.* at 126. The court held that "summary judgment on his federal claims" was a final judgment on the merits and provided the "traditional basis for the operation of res judicata" for the case. *See Maher*, 433 F.3d at 127; *see also Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1167 (1st Cir. 1991) (resolution of the federal claim was enough for claim preclusion even though the state law claim was dismissed without prejudice).

The Seventh Circuit reached the same result in *Shaver*, 840 F.2d 1361 (7th Cir. 1988). There, the plaintiff asserted both federal and state law claims under federal

question and supplemental jurisdiction, respectively, even though diversity jurisdiction existed. After the district court resolved the federal claim on summary judgment for the employer, it dismissed the state law claims without prejudice, declining to exercise supplemental jurisdiction. Then, and just like this case, the plaintiff turned to state court with the state law claims, only to have the employer remove the case back to federal court under diversity jurisdiction and assert claim preclusion. Agreeing that claim preclusion applied, the Seventh Circuit held that "[b]ecause [the plaintiff] neglected to assert the existence of diversity jurisdiction in his prior action in order to pursue his breach of contract claims, both the strict test of and the policy behind the res judicata doctrine bars the present action." *Id.* at 1368.

Finally, the Colorado Court of Appeals held the same, finding that claim preclusion applied against a plaintiff who "could have properly alleged diversity jurisdiction in his federal lawsuit" to reassert his state law claims after they were dismissed without prejudice. *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 834 (Colo. App. 1996). There, too, the plaintiff sued his employer in federal court, asserting both federal and state law claims. Although diversity existed, he chose instead to assert federal question and supplemental jurisdiction, respectively. After the court resolved the federal claims on the merits and declined to exercise pendent jurisdiction over the state law claim, the plaintiff took that claim to state court. But the Colorado Court of Appeals rejected that attempt, concluding "where a plaintiff has an alternative basis of federal jurisdiction, such as diversity jurisdiction, he or she must assert it in order to avoid the bar of res judicata." *Id.* Because the plaintiff

10

"neglected to assert diversity jurisdiction in his federal lawsuit in order to pursue his state law . . . claims, the doctrine of res judicata bars the present action." *Id.*

All these cases underscore the basic principle that no party may get a second chance to pursue a claim that "could and should have been brought in the earlier litigation." *Plotner*, 224 F.3d at 1170. If a plaintiff could have litigated a state law claim by asserting diversity jurisdiction but decides otherwise, he cannot assert that claim in a new lawsuit, before the same court, once the original case is resolved on the merits. *See* 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4402 (3d. ed. 2018) (claim preclusion "foreclos[es] any litigation of matters that never have been litigated" but "should have been advanced in an earlier suit"). That is what happened here. The district court resolved Markley's federal claim on summary judgment and closed the case after he chose not to reassert the state law claim. Markley does not get another chance now to litigate that claim before the same federal court.

Still, even if he had the chance to pursue his state law claim in *Markley I*, Markley claims he cannot be precluded from bringing *Markley II* because *Markley I* never rendered a "final judgment on the merits." He argues the district court dismissed his state law clam without prejudice, and a dismissal without prejudice is not a "final judgment on the merits."

Markley is correct that a dismissal without prejudice—particularly on jurisdictional grounds—is generally not a final judgment on the merits. *See Stewart Sec. Corp. v. Guar. Tr. Co.*, 597 F.2d 240, 241 (10th Cir. 1979) ("[A] dismissal for

11

lack of jurisdiction does not operate as an adjudication on the merits."). But that point does not control here. For claim preclusion purposes, the question is whether there was a dismissal without prejudice as to the *cause of action* rather than the individual claim. *See Wilkes,* 314 F.3d at 504 (for claim preclusion to apply, there must be a "final judgment on the merits in an earlier *action*") (emphasis added). So, for example, if a plaintiff sued in federal court but voluntarily dismissed his entire lawsuit before the court addressed the merits of the case, that dismissal would be without prejudice. *See* Fed R. Civ. P. 41(a)(1). No final judgment on the merits would exist as to the cause of action, and claim preclusion would not bar a second lawsuit with the same claims. *See Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 694 (2025) (a voluntary dismissal of a case under Fed. R. Civ. P. 41(a) is presumptively "without prejudice . . . [and] means that [the plaintiff] ha[s] preserved his right to refile the same claims in the future") (internal quotation marks and citation omitted).

The same would be true if the court dismissed the entire lawsuit without prejudice. *See Santana v. City of Tulsa,* 359 F.3d 1241, 1246 n.3 (10th Cir. 2004) (a dismissal of an action "in its entirety without prejudice . . . does not operate as an adjudication upon the merits, Rule 41(a)(1), and thus does not have a res judicata effect") (internal quotation marks and brackets omitted). The plaintiff could refile the same lawsuit. In both scenarios, claim preclusion would not apply because the entire cause of action was dismissed without prejudice.

12

But that is not Markley's case.  The district court did not dismiss the entire case of *Markley I* without prejudice.  Rather, the district court resolved Markley's federal claim on the merits, and then rendered a final judgment on the cause of action after Markley chose not to litigate (or appeal) his state law claim.  That judgment was "final" for claim preclusion purposes since "the court clearly intended to terminate all proceedings as to the claims or parties involved[,] and no attempt to appeal was thwarted by a ruling that judgment had been entered improperly."  18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4432 (3d. ed. 2018).  That judgment was also "on the merits," because it rested on the district court's resolution of the federal claim, which arose from the same cause of action as the state law claim.  Even though the state law claim was dismissed without prejudice, the relevant fact is that when the district court closed *Markley I*, "there was a summary judgment on his federal claim[ ] which provides the 'traditional basis for the operation of res judicata.'"  *Maher*, 433 F.3d at 127 (citation omitted); *see also* 18A WRIGHT & MILLER, *supra*, § 4444 ("Both claim preclusion and issue preclusion result from summary judgments that rest on the lack of any genuine dispute of material fact going to the merits of claim or defense.").

In other words, the district court's final judgment in *Markley I* included a judgment on the merits for one of the claims asserted, and because that claim arose from the same operative facts as the state law claim, the final judgment on the federal claim is enough for claim preclusion.  *See Maher*, 433 F.3d at 127 (finding that the resolution of the federal claim was a final judgment on the merits for claim

13

preclusion even though the state law claim was dismissed without prejudice); *cf.*
18A WRIGHT & MILLER, *supra*, § 4439 (If a claim is "*separate* from whatever claims
are pursued to judgment on the merits, the judgment should not preclude a separate
action on [that] claim") (emphasis added).  At that point, "[o]nce there has been an
adjudication on the merits, federal law stipulates that all claims which are 'part of the
same cause of action' are extinguished, whether or not actually asserted in the
original action."  *Kale*, 924 F.2d at 1164.  Markley was thus barred from raising any
claim arising from his termination at US Bank in a later lawsuit, which is what
*Markley II* was.  *See MACTEC, Inc.*, 427 F.3d at 831.

　　None of the cases Markley cites compel a different outcome.  For instance, he
relies heavily on *Matosantos Com. Corp. v. Applebee's Int'l, Inc*, for the general
proposition that a "dismissal for lack of jurisdiction does not bar a second action as a
matter of claim preclusion."  245 F.3d 1203, 1209 (10th Cir. 2001).  But *Matosantos*
concerned issue preclusion, not claim preclusion, and that case was dealing with a
dismissal of the *entire case* for lack of personal jurisdiction.  *Id.* at 1206.  Indeed,
Markley cites a series of cases that state a dismissal of an entire case without
prejudice is not a final judgment on the merits and does not bar a second lawsuit with
the same claims.[4]

---

[4] *See, e.g.*, *Hughes v. United States*, 71 U.S. 232, 237 (1866) ("If the first *suit* was dismissed for . . . want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.") (emphasis added); *McCarney v. Ford Motor Co.*, 657 F.2d 230, 234 (8th Cir. 1981) ("If the first *suit* was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.")

But all that is beside the point. No doubt, if Markley's lawsuit was dismissed without prejudice, then the entire cause of action would not be considered resolved, and claim preclusion would not bar a second lawsuit with the same claims. But that is not what happened here. The district court resolved Markley's federal claim on the merits. To be sure, the state law claim was dismissed without prejudice, but that fact is immaterial since, as explained above, the district court's final judgment included the resolution of the federal claim on the merits, and the federal claim stemmed from the same cause of action as the state law claim. As a result, the prior action— *Markley I*—did issue a final judgment on the merits, and the cause of action relating to his employment termination was resolved. *See Maher,* 433 F.3d at 127. From that point on, any claim Markley asserted "that [were] part of the same transaction asserted in his previous complaint [were] precluded, while *new and independent*

_____

(emphasis added) (alterations and citation omitted); *Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 488 F.2d 75, 76 (5th Cir. 1973) ("Since the original *action* was dismissed basically because requisite jurisdictional allegations were missing . . . that dismissal does not operate as an adjudication upon the merits.") (emphasis added); *Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 373 (8th Cir. 1997) ("The only issue, then, is whether the district court rendered a final judgment on the merits in the original *action*" and whether "the dismissal of Kulinski's *first complaint* under ERISA for lack of jurisdiction was not an adjudication on the merits of that claim and, therefore . . . not a final judgment" to a "second action on state contract law.") (emphasis added); *Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1251, 1255 (10th Cir. 1978) (finding that the state court's dismissal of "plaintiffs' *complaints*" for lack of personal jurisdiction barred "relitigation of the jurisdictional issue") (emphasis added); *Velasquez v. Utah*, 857 F. App'x 971, 974 (10th Cir. 2021) (finding that the dismissal of an entire case for lack of subject matter jurisdiction did "not have a broad res judicata effect").

15

claims [could] go forward." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006).

The rest of Markley's cases are similarly unhelpful. For instance, he quotes *Cooter & Gell v. Hartmarx Corp.*, which stated a "dismissal without prejudice is a dismissal that does not operat[e] as an adjudication upon the merits . . . and thus does not have a res judicata effect." 496 U.S. 384, 396 (1990) (internal quotation marks and alterations omitted). But *Cooter* had nothing to do with claim preclusion. That case was addressing, among other things, whether Rule 11 sanctions can apply to a "plaintiff who has voluntarily dismissed his complaint pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure." *Id.* at 388. Moreover, and like the cases above, *Cooter* was discussing the dismissal of an "[entire] action without prejudice," which is not the case here. *Id.*

Markley's reliance on *Stewart Sec. Corp. v. Guar. Tr. Co.*, 597 F.2d 240 (10th Cir. 1979), also does not move the needle. Markley quotes a line from *Stewart*, which stated, "dismissal for want of jurisdiction is no bar to another suit." *Id.* at 242. But again, we do not quibble with this general proposition, and *Stewart* is factually distinguishable. In *Stewart*, the question was whether claim preclusion barred relitigation of the "same jurisdictional issue between the same parties" that was already resolved in the first case. *Id.* at 241. Nothing about *Stewart* suggests the district court's resolution of the federal claim in *Markley I* was not a final judgment on the merits.

16

At bottom, when Markley walked away from his federal case after his federal claim was resolved on the merits, the district court's final judgment closed the case—and the cause of action. If Markley had asserted diversity jurisdiction to litigate his state law claim, then that cause of action would have remained live. But he did not do so. From that point forward, claim preclusion barred Markley from bringing any claim related to his termination in a new lawsuit.

### C.    *Party Presentation Principle*

Lastly, Markley argues the district court violated the party presentation principle. Although US Bank asserted claim preclusion when it moved to dismiss, Markley argues it did not raise the failure to assert diversity jurisdiction as one of the grounds that claim preclusion applied. The district court did that on its own, Markley says, which violated the party presentation principle.

The "principle of party presentation is a fundamental premise of our adversarial system." *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 885 (10th Cir. 2021). The principle puts the burden on "the parties to frame the issues for decision and assign[s] to courts the role of neutral arbiter of matters the parties present." *Id.* (citation omitted). But "[w]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *United States v. Perez*, 127 F.4th 146, 166 (10th Cir. 2025). Whether the district court violated this principle is reviewed for abuse of discretion.

17

*See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020); *U.S. Env't Prot. Agency*, 989 F.3d at 886.

The district court did not abuse its discretion.  It had an obligation to examine the merits of US Bank's claim preclusion argument, and it did so.  Although the district court decided the issue of claim preclusion on a different ground than the one that US Bank initially raised, the court need not "render its decision in accordance with the position of one of the parties." *United States v. Cortez-Nieto*, 43 F.4th 1034, 1052 (10th Cir. 2022).  Thus, the district court did not violate the party presentation principle.

## III.   Conclusion

For the reasons stated above, we affirm.